## Ryder v. Thomas.

Attachment: ACTION ON BOND: PLEADING.  In an action or cross demand on an attachment bond, the conditions of the bond, and the facts constituting the breaches, must be alleged.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, JULY 26.

ACTION on a promissory note and an account. The petition asked for an attachment, alleging as grounds therefor, "that the defendant is about to dispose of his property with intent to defraud his creditors." An attachment bond was executed and the writ issued. The defendant by answer admitted the indebtedness alleged in the petition, and, by way of cross demand upon the attachment bond, alleged that the cause stated for the attachment was

false, and that the writ was procured and levied willfully, maliciously and wrongfully to defendant's damage $500; that plaintiff executed an attachment bond with surety, a copy of which was annexed; he asked judgment for $500 damages. The plaintiff demurred to the cross demand because the same was upon a bond and did not allege conditions, etc. The demurrer was sustained, and the defendant appeals.

*Walter I. Hayes* for the appellant.

*Brown, Campbell & Sully* for the appellee.

COLE, J. — It is enacted by our code (Rev., § 2960), "in an action, set-off, counterclaim or cross demand on a bond with conditions, the party suing thereon shall, in his pleading, notice the conditions and allege facts constituting the breach or breaches relied on." The pleading demurred to is vulnerable to the objection that the conditions of the bond are not noticed *in the pleading*. It is true that a copy of the bond is annexed to the cross demand as an exhibit, but that is not a compliance with the requirements of the above section. Again, the pleading does not allege the facts constituting the breach relied on, it does not allege the non-payment of the damages which the defendant has sustained.

The demurrer seems to us technical, and yet, it finds support in the language of the section above quoted. And, further, the defendant had the clear right to amend his pleading, and correct even this technical defect. Rev., § 2977. It was both easier and cheaper to amend than to prosecute an appeal. If the cross demand was meritorious, such course would doubtless have been pursued; and in any event it still remains for defendant to prosecute, if he shall be so advised. In this technical contest he must fail who was first wanting in technical precision.

Affirmed.