## The Humboldt Insurance Company
### v.
## William S. Johnson et al.

1. INSURANCE POLICY—CONDITION LIMITING TIME TO BRING SUIT FOR LOSS—CONSTRUCTION.—A clause in a policy for insurance, providing that suit to recover for a loss arising thereunder, should be commenced "within twelve months next after the loss shall occur," obviously has reference to the happening of the casualty insured against, and not to the time when such loss, by the terms of the policy, becomes due and payable. The validity of such stipulations in policies of insurance is no longer an open question.

2. PRACTICE—PLEADING CONDITION IN POLICY—DEFENSE UNDER THE GENERAL ISSUE.—The same rules of pleading should prevail in respect to the limitation provided for in the policy, as in case of other limitations of actions, and such limitation should be set up under a special plea, thus allowing the plaintiff an opportunity to reply the facts relied on as excusing what would otherwise have been *laches* in bringing the suit; but it seems that where the declaration on a policy containing such conditions, sets forth proper averments of facts excusing the delay in bringing the suit, such limitation may be shown under the general plea of non-assumpsit.

3. PROOF UNDER THE GENERAL ISSUE AFTER DEMURRER TO PLEA.—To the declaration in this case, appellant plead specially, setting up the limitation in the policy as a defense, to which plea a demurrer was sustained. On the trial appellant sought to avail itself of this limitation under the plea of non-assumpsit, and asked the court to give certain instructions presenting that defense, which were refused. The instructions correctly stated the law, and had there been any issue before the jury presenting this defense, they should have been given, but after the demurrer was sustained to the plea of appellant, no plea remained under which the limitation could be set up.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. FRANK J. SMITH, for appellant; upon the question of use of a memoranda, made by the witness, to refresh his recollection, cited Green'l on Ev. § 437; Elston et. al. v. Kennicott et. al. 46 Ill. 187; Mattocks v. Lyman, et. al. 16 Vt. 118; Halsey v. Sinsebaugh, 15 N. Y. 855; Russell v. Hudson, etc. R. R. Co. 17 N. Y. 134; Watson v. Walker, 23 N. H. 495; Tuttle v. Robinson, 33 N. H. 113; Brady v. Thompson, 17 Ill. 270; Hartford L. Ins. Co. v. Gray et. al. 80 Ill. 28.

As to proof of non-payment of premiums: Ill. Cen. Ins. Co. v. Wolf, 37 Ill. 354; Provident Life Ins. Co. v. Fennell, 49 Ill. 180; Teutonia Life Ins. Co. v. Anderson, 77 Ill. 384; Teutonia Life Ins. Co. v. Mueller, 77 Ill. 22.

Non-payment of the premium being admitted it must be shown that payment was waived by some one duly authorized therefor: Hambleton v. Home Ins. Co. 6 Biss. 91; Marland v. Royal Ins. Co., Pa. St. continued Life Ins. Co. v. Willet, 24 Mich. 268.

That a limitation clause in a policy is legitimate and must be upheld: Peoria M. & F. Ins. Co. v. Whitehill, 25 Ill. 466.

That the words in the limitation clause have reference to the time when the loss occurs: Riddlesbarger v. Hartford Ins. Co. 7 Wall. 386; Merchants Ins. Co. v. La Croix, 35 Tex. 249; Ripley v. Ætna Ins. Co. 30 N. Y. 136; Roach v. N. Y. & E. Co. 30 N. Y. 546; Provincial Ins. Co. v. Ætna Ins. Co. 16 U. C. (Q. B.) 145; Carraway v. Merchants Ins. Co. 26 La. An. 298.

Mr. M. W. ROBINSON, for appellees; that the limitation cannot apply until a right of action has accrued: Peoria Ins. Co.

v. Hall, 12 Mich. 202; Mayor et al. v. Hamilton F. Ins. Co. 39 N. Y. 45; Killips v. Putnam F. Ins. Co. 28 Wis. 472; Black v. Winneshiek F. Ins. Co. 31 Wis. 74; Chandler v. St. Paul F. & M. Ins. Co. 21 Minn. 85; Lampkin v. Western A. Co. 13 U. C. (Q. B.) 361; Wood on Fire Insurance, 762.

That non-payment of premium is no defense: Goit v. Nat. Prot. Ins. Co. 25 Barb. 189; Bowman v. Agricultural Co. 2 N. Y. (S. C.) 261; Boehm v. Williamsburg Ins. Co. 35 N. Y. 131; Hodgson v. Marine Ins. Co. 5 Cranch. 100; Bodein v. Excelsior Ins. Co. 51 N. Y. 117.

That an insurance company is estopped to deny that premium has been paid: Ill. Cen. Ins. Co. v. Wolf, 37 Ill. 354; Providence Ins. Co. v. Fennell, 49 Ill. 180; Teutonia Ins. Co. v. Anderson, 77 Ill. 384; N. Y. Cen. Ins. Co. v. Nat. Prot. Ins. Co. 20 Barb. 468; Basch v. Humboldt Ins. Co. 35 N. J. 429; Madison Ins. Co. v. Fellows et al. 1 Disney, 217; Con. F. Ins. Co. v. Cashow, 41 Md. 59; Wood on Fire Insurance, 67.

That there can be no cancellation of a policy without notice to the insured: Landis v. Home Mut. F. & M. Ins. Co. 56 Mo. 591; Van Valkenburg v. Lenox Fire Ins. Co. 51 N. Y. 465; Lyman v. State Ins. Co. 14 Allen, 329.

Bailey, J.   This suit was brought by the appellees on a policy of insurance issued to them by appellant, whereby appellant insured appellees in the sum of $2,500, against loss or damage by fire, upon their church edifice, for the period of one year from the 20th day of March, 1874.   A trial was had before the court and a jury, resulting in a verdict against appellant for $2,930.37, being the full amount of the policy and interest, whereupon judgment was rendered against appellant for that sum and costs.

The declaration sets out the policy *in extenso*, and among the provisions therein contained is the following:

"It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company for the recovery of any claim by virtue of this policy, shall be sustained in any court of law or chancery  *  *  * unless such suit shall be commenced within twelve months next after the loss shall

occur; and should any suit or action be commenced after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

It appears both by the averments of the declaration, and the evidence given at the trial, that the building insured was totally destroyed by fire on the 14th day of July, 1874, and this suit, as the record shows, was commenced by the issuing of summons, on the 13th day of September, 1875.

Among the pleas filed by appellant was one setting up the foregoing condition of the policy, and averring that the suit was not commenced within twelve months next after the loss occurred. To this plea a demurrer was sustained, and the decision of the court sustaining said demurrer is assigned for error.

The validity of stipulations in policies of insurance limiting the time within which suits may be brought for the recovery of losses to a period shorter than that prescribed by the Statute of Limitations, has been so frequently affirmed by the courts of this and other States, as to be no longer an open question. This proposition seems to be admitted by counsel for appellees. An attempt is made, however, to give to the language of the policy in this case a construction which will obviate the effect of the limitation clause above recited as a defense to this suit.

The only question is, when did the period of limitation here prescribed commence to run? We see nothing in the language employed which leaves this in the least a doubtful proposition. According to the plain and unambiguous terms of the policy, the period of limitation commenced to run from the date of the loss. The language is : " within twelve months next after *the loss shall occur.*" It would be difficult to employ words less liable to the charge of ambiguity, or less open to construction. The words " the loss shall occur " can only refer to the happening of the casualty insured against. To hold that they refer to the time when the loss becomes due and payable, as appellees' counsel insist, would not be an enforcement of the contract as made by the parties, but a plain substitution of terms to which they have not assented.

Nor do we find anything in the other portions of the policy necessitating the construction contended for by appellees. We are referred in this connection to the provision fixing the time when a loss should become payable. It is as follows:

"The amount of loss or damage to be estimated according to the actual cash value of the property at the time of the loss, and to be paid sixty days after due notice and proof of the same made by the assured and received at this office, in accordance with the terms and provisions of this policy."

The provisions here referred to determining the time and manner of giving notice and furnishing preliminary proofs of loss, required that persons sustaining loss or damage should forthwith give notice thereof to the company, and as soon thereafter as possible, furnish such preliminary proofs.

We see nothing in these conditions at all repugnant to the language of the limitation clause, or requiring us to place upon it any interpretation different from its plain and obvious import. It should be observed that the duty of giving the notice and furnishing the proofs was imposed upon the assured alone, and was one with the performance of which the company had nothing whatever to do. The time within which the proofs of loss were to be furnished, and as a consequence the time at which the loss should become payable, was entirely within the power of the assured, and the company could not interfere so as to delay or postpone either. By the terms of the policy then, appellees were required to furnish proofs as soon as possible after the loss, and at the expiration of sixty days after their production the loss was to become payable. For the residue of the twelve months after the loss should thus mature, appellees were at liberty to bring suit for its collection. This gave them ten months less the time occupied by them in preparing and serving the proofs to bring suit. This would seem to be ample. This period could be abridged only by their own delay in the production of proofs. In point of fact the proofs in this case were served only seven days after the loss, and appellees had ten months less seven days within which to bring suit. We see no injustice arising from construing the limitation clause in this case according to the plain

and obvious meaning of the language employed, and we fail to perceive any principle upon which any different interpretation can be upheld.

We are referred to a number of authorities where under the peculiar language of the policy, or the exceptional circumstances of the case, the limitation provided for in the policy has been held to run from the time the loss became payable, rather than from the date of its occurrence. These cases are all clearly distinguishable from the one at bar, and afford us no criterion for the interpretation of the policy before us. The sustaining of the demurrer to appellant's plea setting up the limitation provided in the policy, was error for which the judgment must be reversed.

At the trial appellant sought to avail itself of this limitation under the plea of non-assumpsit, and asked the Court to give two instructions to the jury presenting that defense, which were refused. We think these instructions correctly stated the law, and had there been any issue before the jury presenting this defense, they should have been given. But after the demurrer was sustained to appellant's plea, no plea remained under which this limitation could be set up.

It is true the Supreme Court in Peoria M. & F. Ins. Co. v. Whitehill, 25 Ill. 466, seemed to hold that where the suit was not brought within the time limited in the policy, there should be a proper averment in the declaration of the facts relied on to excuse the delay. Under such a rule manifestly the limitation could be set up under the general issue. In the recent case of Andes Ins. Co. v. Fish, 71 Ill. 620, however, a different rule has been established. It is there held that the same rules of pleading should prevail in respect to the limitation provided for in the policy as in case of other limitations of actions, and that when insisted upon, it should be set up by the defense, thus allowing the plaintiff an opportunity to reply the facts relied on as excusing what would otherwise have been *laches* in bringing suit. Before another trial appellant should be accorded the opportunity of presenting this defense by an appropriate plea.

The remaining questions raised by appellant we do not deem it necessary to decide.

Reversed and remanded.