## HENCKE v. JOHNSON.

1. **Covenants of Warranty:** BREACH OF: MEASURE OF DAMAGES. Until some substantial injury occurs to the grantee in a deed with covenants, no recovery can be had for a breach of the covenant of seizin, except for nominal damages.

2. **Pleading:** CROSS PETITION UPON ATTACHMENT BOND: DEFECT OF ALLEGATIONS AND EVIDENCE: PRACTICE. In a cross-action in an attachment suit for the wrongful suing out of the writ, the defendant must allege that the damages which he claims to have sustained *have not been paid*; and a cross-petition defective in this respect should be assailed by demurrer. But where this allegation is wanting, and no evidence of any damages is offered on the trial, and yet a judgment for damages is rendered, the defect may be urged for the first time upon a motion for a new trial.

*Appeal from Winneshiek Circuit Court.*

FRIDAY, DECEMBER 14.

THIS is an action to recover damages for the breach of the covenants in a deed for certain real estate. The action was aided by an attachment. The defendant, in addition to an answer putting in issue the plaintiff's right of recovery, set up a claim for damages for the alleged wrongful suing out of the writ of attachment.

There was a trial by the court, and a judgment for plaintiff for one dollar damages for breach of the covenants in the deed, and for the defendant for $69.85 damages for wrongfully suing out the attachment. Plaintiff appeals.

*Brown & Portman*, for appellant.

*Willett & Willett*, for appellee.

ROTHROCK, J.—I. The defendant executed and delivered to the plaintiff a deed for certain real estate, with the usual covenants of warranty. It appears that at the time of the conveyance she was not the full owner of the real estate, and that she owned but an undivided one-third thereof, and that her children, who were minors, owned the other two-thirds. The defendant at the time of the conveyance was a widow, and the property conveyed was inherited from her deceased husband by her and her children. At the time she made the deed she was guardian of the children. Afterwards she resigned her guardianship. Some of the children are now of age, and another guardian has been appointed for those who are yet minors.

When the deed was made, the plaintiff took possession of the property conveyed, and has never been disturbed in the possession, and he has been receiving the rents and profits thereof without molestation from any one.

It is the settled law of this state that, until some substantial injury occurs to the grantee in a deed with covenants, no recovery can be had for a breach of the covenant of seizin, except for nominal damages. *Nosler v. Hunt*, 18 Iowa, 212; *Boon v. McHenry*, 55 Id., 202. In Rawle on Covenants of Title, 100, it is said: "In cases where the failure of title has been such as to cause a technical breach of the covenant of seizin, yet not such as to have visited upon the purchaser any loss of the land, it would be obviously inequitable that he should be entitled to have the damages measured by the consideration money, and, while receiving them, still retain

the land for whose loss they were intended as equivalent."

It appears that one Kessey married one of the defendant's children.

The plaintiff sought to prove a conversation had by one of plaintiff's attorneys with Kessey about the execution of a deed by the guardian of the minor children to the appellant This was objected to, and the objection was sustained. It appears that plaintiff sought to prove by this conversation that a request was made of Kessey for a deed from the guardian of the minors, and that Kessey refused to have a deed made, and stated that, if a suit was commenced, plaintiff would not get anything, and that Kessey stated that he had authority to speak for the defendant.

This evidence was offered for the purpose of showing that the heirs asserted a claim to the land hostile and adverse to the plaintiff. We think the ruling of the court in excluding the evidence was correct. Even if it be conceded that an adverse claim to the land can be shown by mere conversations between the parties interested, (a point which we need not determine,) there is no showing that Kessey was authorized to speak for the minor heirs.

The appellant also sought to prove a conversation between one of his attorneys and one Tuckey, who is now guardian of two of the heirs. The conversation was excluded. Appellant complains of this ruling of the court. We think the ruling was correct, because there is no intimation in the record as to what was the subject of the conversation.

II.   The defendant in her cross-claim for damages upon the attachment bond did not allege that the damages she had sustained by reason thereof *had not been paid*.

The answer to the cross-claim was a general denial. There was no evidence whatever that the defendant had sustained any damages by reason of the wrongful suing out of the writ.

The appellant claims that no recovery can be had without an averment that the damages have not been paid. Such ap-

pears to be the rule adopted by this court. *Ryder v. Thomas,* 32 Iowa, 56; *Horner v. Harrison,* 37 Iowa, 378.

It is true that in those cases the question arose upon demurrer, and in this case the defendant raised the question after the court had rendered judgment and in a motion for a new trial. But in view of the fact that there was no evidence offered of any damages, and as the first intimation plaintiff had that damages would be awarded against him was when .the judgment was rendered, we think his objection was not too late.

The judgment will be affirmed upon plaintiff's claim to recover for a breach of the covenants in the deed, and the judgment for damages on the attachment bond will be reversed.

REVERSED.