ROSANNA M. OGDEN *vs.* SARAH W. BALL and another.

February 17, 1888.

Covenant of Seizin—Breach—Damages.—The rule established in *Kimball* v. *Bryant*, 25 Minn. 496, applied in a case where the covenantee in a deed has in good faith entered into actual and peaceable possession of the demised premises, built a house thereon, and continued to occupy the same wholly undisturbed by the owner of the paramount title. In such an action, any recovery beyond nominal damages is dependent upon proof of actual loss.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for an alleged breach of covenants of seizin and warranty. The action was tried by *Lochren*, J., without a jury, and judgment directed for plaintiff for nominal damages. The facts, as admitted or found by the court, were in substance as follows: On April 20, 1882, the defendants, in consideration of $700 to them paid by the plaintiff, sold to the plaintiff a certain lot of land and made and delivered to her their deed therefor, containing the usual covenants of seizin in fee, good right to convey, for quiet enjoyment, and of warranty. Upon the delivery of the deed, the plaintiff, claiming thereunder, went into possession of the lot, and erected thereon a dwelling and other improvements of the value of $4,000, and is. still in possession. At the time of the sale and the delivery of the deed, neither of the defendants was the owner or seized in fee of the lot or any part thereof, nor had they or either of them any estate therein or any color of title thereto, excepting only that they claimed title under an execution sale and a tax deed, which however conveyed no title. Plaintiff appeals from the judgment.

*Smith & Reed*, for appellant.

*Ankeny & Merrill*, for respondents.

COLLINS, J.   We have here but one question for consideration,—the measure of damages in an action upon a conceded breach of a covenant of seizin, where the grantee in the deed has taken possession of the premises in good faith, made valuable improvements, and actually occupied the same unmolested by the owner of the paramount title.   The defendant grantors were never in possession, and, as has been seen, no real injury has been sustained by the plaintiff grantee.

In *Kimball* v. *Bryant*, 25 Minn. 496, this court held that the covenant of seizin is personal; that the breach, if any, is instantaneous upon delivery of the deed; and that the measure of damages is *prima facie* the consideration paid; but that this rule is not absolute, and may be varied by circumstances, such, for instance, as where the covenantee acquires some estate of value, although not the one covenanted.   The question has been an embarrassing one for the tribunals in which it has been considered, but the conclusion reached as above stated is practical, and in accordance with the settled rule in many states. ˙ We think there is no difficulty in applying it in the case at bar, for it must be admitted that by means of the deed the covenantee received an estate of value which she yet retains.   Making the purchase and taking the conveyance in good faith, she entered into peaceable possession under color of title, built her dwelling, and is now domiciled upon the premises, amply and fully protected in her occupancy by Gen. St. 1878, c. 75, § 15 *et seq.*   She can enjoy the use without fear of eviction, until compensation is tendered for her improvements.   The owner of the paramount title, confronted as he is by said statute, may never assert his claim, and the colorable right acquired through defendants' deed (coupled with entry in good faith and continued occupancy) become an absolutely indefeasible estate. No rule so inequitable as that which would enable a covenantee to recover the entire consideration, and at the same time, protected by a statute which makes a future ouster somewhat problematical, retain so valuable an estate as right of possession, should be established.

It will also be observed that the statute in question renders it impossible, if we construe it literally, to restore to the covenantor such estate as he may have had before conveying.   He may in fact have

a salable title,—one that could be disposed of by quitclaim deed and for value. But between such a purchaser and the covenantee in the original transaction—in possession with improvements—we find the *bona fide* occupant act; and rights acquired thereby are not affected by a recovery upon covenants, but depend simply upon peaceful entry in good faith, and with color of title. And the latter is the valuable thing conferred by means of defendants' deed upon plaintiff herein, appropriated by her, and still in use, which varies the *prima facie* rule of damages before mentioned. The propriety and necessity of the rule land down by Sedgwick, as well as Sutherland, in their works upon the subject of damages, that in such cases actual loss must precede actual compensation, and that without proof of such loss no more than nominal damages can be recovered, is emphasized by the statute, and it is also recognized as correct in states wherein the covenant of seizin is personal as well as where it is held to run with the land. *Hartford Ore Co.* v. *Miller*, 41 Conn. 112; *Morrison* v. *Underwood*, 20 N. H. 369; *Smith* v. *Hughes*, 50 Wis. 620, (7 N. W. Rep. 653;) *Overhiser* v. *McCollister*, 10 Ind. 41; *Hencke* v. *Johnson*, 62 Iowa, 555, (17 N. W. Rep. 766;) *Cockrell* v. *Proctor*, 65 Mo. 41.

We conclude that where the covenantee has derived a benefit by means of the conveyance,—something of value, which he appropriates and uses,—such value must be considered when adjusting the damages in actions upon covenants of seizin. In the absence of proof of actual injury, nominal damages only can be recovered.

Judgment affirmed.

MITCHELL, J. I concur in the result.