FANNIE SABLE and Husband *vs.* LOUISA BROCKMEIER and Husband.

January 13, 1891.

Conveyance of Whole Tract by Tenant in Common in Adverse Possession — Covenants of Warranty and Seisin — Damages where Purchaser is Undisturbed.—The owner of the undivided half of a tract of land, who was in the open and exclusive possession, which was adverse and hostile to the rights of the owner of the other undivided half, and amounted to an ouster of such owner, conveyed the entire tract, with covenants of warranty and seisin, and delivered possession to the purchaser, who entered under the deed, and has never been disturbed in his possession, the owner of the other undivided half never having asserted any claim to the land. *Held,* that the purchaser was only entitled to recover nominal damages for the breach of the covenants of title.

Action brought in the district court for Ramsey county, to recover $1,375 for breach of covenants in a deed from defendants to plaintiff Fannie Sabledowsky, who with her husband procured an order, pending this suit, changing their name to Sable. The plaintiffs appeal from an order refusing a new trial after a trial before *Brill,* J., and judgment of $1 damages ordered in their favor.

*Williams & Schoonmaker,* for appellants.

*B. J. Shipman* and *H. V. Rutherford,* for respondents.

MITCHELL, J. This was primarily an action to recover damages for a breach of the covenants of seisin and warranty in a conveyance executed by the defendants to plaintiff Fannie Sable. The defendants executed a conveyance of the whole of a 40-acre tract, when in fact they had title to only one undivided half of it. The evidence abundantly sustains the findings of the trial court that, at the time of the conveyance, the defendants were, and for years before had been, in the open, visible, notorious, continuous, and exclusive possession of the whole of the tract, and that this possession was adverse and hostile to any rights of their cotenant, who owned the other undivided half; in other words, that there had been an ouster and disseisin of such cotenant. This is abundantly proved by the facts, among others, that the defendants and their grantors had taken pos-

session under conveyances purporting to convey the entire tract, and also that defendants conveyed to plaintiff the whole estate in fee, with covenants of title. Freeman, Cotenancy, § 224. The court also finds (and the evidence abundantly supports it) that, when defendants conveyed to plaintiff Fannie, they delivered to her their possession of the premises, and she went into possession under her deed, and that she has never been disturbed in such possession by any one, the owner of the other undivided half never having asserted any claim to the land. Upon this state of facts, it is well settled by the decisions of this court, in accordance with the uniform current of the authorities elsewhere, that the plaintiffs are only entitled to nominal damages. *Ogden* v. *Ball*, 38 Minn. 237, (36 N. W. Rep. 344.) The contention of the plaintiff proceeds wholly upon the false assumption that the possession of defendants, and the entry and possession of the plaintiff under them, was that of a cotenant, and in subordination to the rights of the owner of the other undivided half. But the court has found the facts otherwise. There had been an actual ouster and disseisin of the cotenant; hence the rule above referred to as to the measure of damages is fully applicable to the case. *Ludlow* v. *Gilman*, 18 Wis. 552; *Hencke* v. *Johnson*, 62 Iowa, 555, (17 N. W. Rep. 766.)

Order affirmed.