[No. 1063. Decided December 30, 1893.]

JOHN F. CHURCH, *Appellant*, v. JOHN G. CAMPBELL *et al.*,
*Respondents*.

ACTION ON ATTACHMENT BOND — PLEADING — NON-SUIT.

In an action for damages upon an attachment bond, an allegation
in the complaint that the defendants gave a bond to the plaintiff,
not that they executed one, is insufficient to state a cause of action.

Where a complaint on an attachment bond fails to allege that
the damages incurred have not been paid, and there is no proof
offered by plaintiff on that proposition, the defendants are entitled
to a non-suit.

*Appeal from Superior Court, Clallam County.*

*W. R. Gay*, and *George C. Hatch*, for appellant.

*Benton Embree*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.— This was an action for damages on an
attachment bond.    The fourth allegation of the complaint
is as follows:

"That after filing said affidavit and before said attach-
ment issued, said John G. Campbell & Co., as required by
law, gave an attachment bond for the protection of this
plaintiff, with defendants J. L. Worthley and W. H.
Van Lehn as sureties, in the words and figures follow-
ing:"    .   .   .

There is no allegation in the complaint that the dam-
ages claimed to have been sustained have not been paid.
At the close of plaintiff's case the defendants moved for a
non-suit on the grounds—(1) That the complaint failed
to state a cause of action against the defendants; (2) that
the testimony of plaintiff's own witness shows that no
damages had resulted from the levy of the attachment;
(3) that the plaintiff has wholly failed to show that there
was no probable cause for the defendant's believing the

ground upon which the attachment was issued; (4) that the plaintiff wholly failed to show that the damages incurred have not been paid. This motion was sustained by the court, and judgment entered for the defendants, and the cause brought here upon the alleged error of the court in sustaining the motion for a non-suit. :

The respondents contend that the allegation that Campbell & Co. gave a bond does not mean that they executed the same, but simply that they procured a bond, and that there is no allegation that the sureties executed the bond. This contention, we think, will have to be sustained under the rulings of this court in *Seattle Crockery Co. v. Haley*, 6 Wash. 302 (33 Pac. Rep. 650).

The objection that there is no allegation in the complaint that the damages alleged to have been sustained by reason of the attachment have not been paid, and no proof on that proposition, we think is also well taken, and warranted the court in granting the motion for non-suit. It is the breach of a covenant that is the basis of an action on a covenant, and the breach of this covenant was the non-payment of the damages incurred by the plaintiff. That was the condition of the obligation, viz., that they should *pay* all costs and all damages which he might sustain by reason of the attachment. If the damages had been sustained and had been paid, there would have been no ground for action; and if a breach has been made by non-payment of the damages, there must be an allegation of this breach before a recovery can be had. The cases cited by appellant in answer to this proposition are not in point. They simply sustain the general proposition that payment is a matter of defense, but are not applicable to the breaches of covenants of this kind. Drake on Attachment (7th ed.), 168, in discussing attachment bonds, lays down the rule as follows:

"A declaration which fails to aver the non-payment of the damages sustained is bad on demurrer."

And the cases cited by that author fully sustain the text. We have been unable to find any authority to the contrary.

So far as the second and third grounds alleged in support of the motion for non-suit are concerned, we think there is testimony which was competent to go to the jury, and sustain a verdict; but, for the reasons alleged above, the judgment will be affirmed.

Scott, Stiles and Anders, JJ., concur.

Hoyt, J., dissents.