AMERICAN STORAGE & MOVING COMPANY, Respondent, v. CHARLES W. HARDING et al., Appellants.

**Kansas City Court of Appeals, October 7, 1907.**

1. **PLEADING: Replevin: Petition: Formula.** A pleader is not required to employ any particular formula of words in the statement of a constitutive fact, and where the statement, though informal, unmistakably contains all the elements of a complete cause of action, it is sufficient; and a petition in replevin described in the opinion is held good.

2. **BAILMENT: Contract: Chattel Mortgage: Possession: Lien.** A contract with a forwarding merchant and warehouseman is held to constitute a bailment and not a chattel mortgage and therefore not required to be recorded, since the bailee's lien may be enforced whether in writing or not and actual possession of the property by the bailee alone will sustain such lien, and he may maintain replevin for the property even against the bailor until his lien is discharged.

3. **TRIAL PRACTICE: Conduct of Counsel: Agreement: Court's Reprimand.** A reprimand by the court of counsel for misconduct in his argument is held sufficient to have removed any prejudicial effect from the minds of the jury.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman,* Judge.

AFFIRMED.

*E. C. White* and *Barnett & Barnett* for appellant.

(1) The court erred in refusing to give the peremptory instruction asked by defendants at the close of the evidence, directing the jury to find for the defendants for the reason that under the undisputed evidence plaintiffs were not entitled to recover. (2) The plaintiff in its evidence claims the property by virtue of a chattel mortgage given by Mrs. McConnell to it to secure $179.30. As this mortgage was not recorded at the time these attachment writs were levied the plain-

tiff cannot hold the property under said mortgage as against the attaching creditors. R. S. 1899, sec. 3404; Bank v. Powers, 134 Mo. 432. (3) The court erred in giving instruction number 1 on behalf of plaintiff. (4) The court erred in permitting the plaintiff's attorney in his closing speech over defendant's objections to deny that the accounts sued on in the attachment suit were correct and to discuss the correctness of those bills. The correctness of those bills were not in issue in this case and could only be tried in the attachment suits, and it was error to permit the plaintiff's attorney to discuss them and prejudicial to the rights of the defendant. (5) The court should have given the instruction in the nature of a demurrer to the evidence for the further reason that there was a fatal variance between the proof and the pleadings. (6) The petition in this case does not state a cause of action, and, therefore, the objection to the introduction of any evidence should have been sustained.

*R. A. Higdon* and *Bente & Wilson* for respondent.

(1) The court committed no error in refusing defendant's peremptory instructions. (2) Plaintiff before the levy made by defendants was in actual and open possession of the goods in question, holding them as security for a bona fide loan under a written agreement pledge or what might be termed a chattel mortgage (though not in the prescribed form.) It did not have to record its lien. R. S. 1899, sec. 3404; Bank v. Powers, 134 Mo. 432. (3) The delivery of the property to the plaintiffs or the agents of the plaintiff made it unnecessary to record plaintiff's lien. Engine & Thresher Co. v. Glazier, 55 Mo. App. 95; Dawson v. Cross, 88 Mo App. 292; R. S. 1899, sec. 3404. (4) Plaintiff was not in possession of the property as the agent of Mrs. Hughes (Mrs. M'Cornwell), but was in possession of said goods for itself, holding the same as security for

a loan and there is no evidence to the contrary in the entire record. (5) Instruction numbered 1 given by the court, on behalf of the plaintiff was perfectly proper and correctly stated the law and the court committed no error in giving said instruction. (6) Plaintiff's petition is good and complies with the statute. Deyerle & Porter v. Hunt & Hunt, 50 Mo. App. 541; Benedict & Burnham Mfg. Co. v. Jones, 60 Mo. App. 219; Dillard v. McClure, 64 Mo. App. 491; Harmon v. Iden, 88 Mo. App. 314. (7) Plaintiff's interest in said property was sufficient to maintain this replevin suit. Snowder v. Kissler, 76 Mo. App. 581; Pallen v. Bogy, 78 Mo. App. 88; Hardy v. Graham, 63 Mo. App. 40; Hazard & Wilson v. Hall, 5 Mo. App. 584. (8) The court permitted no error in permitting plaintiff's attorney to comment on the accounts sued on and forming the basis of the attachment suits. They were introduced by the defendants over the objection of plaintiff. They were in evidence for all purposes.

JOHNSON, J.—This is an action in replevin begun in the circuit court of Pettis county on January 19, 1904, to recover possession of certain household goods. A trial before a jury resulted in a verdict and judgment in favor of plaintiff and the cause is here on appeal of defendants. Defendants, at the trial, objected to the introduction of any evidence on the ground that the petition failed to state a cause of action, and at the conclusion of the evidence, offered an instruction in the nature of a demurrer thereto. The rulings of the court on the objection and instruction were adverse to defendants and constitute the chief ground on which a reversal of the judgment is sought. The objection to the petition is founded on the claim that it omits the allegation that plaintiff was entitled to the immediate possession of the property at the time of the commencement of the action. The petition does not contain the express allegation but

the facts alleged disclose that plaintiff claimed a special interest in the property as the holder of a lien against it and contains the legal equivalent of an express averment of the right to its immediate possession. Under our system, the pleader is not required to employ any particular formula of words in the statement of a constitutive fact, and where the statement, though informal, unmistakably contains all of the elements of a complete cause of action, it is sufficient. The objection to the introduction of evidence was properly overruled.

The facts adduced necessary to be considered in disposing of the demurrer to the evidence are as follows: The household goods in controversy were the property of a Mrs. Hughes who, for a short time, had been keeping house in Sedalia, to which place she had removed from St. Louis. She resolved on returning to the latter city and, being entirely without money, made arrangements by telephone with plaintiff, a corporation doing a transfer and storage business in St. Louis, for the removal and storage of her goods and for a loan of money to defray her personal expenses. Pursuant to the agreement, plaintiff sent packers to Sedalia to prepare and ship the goods to St. Louis and sent by one of them the amount of money agreed upon as a loan. The packers prepared the goods for shipment, delivered the money to Mrs. Hughes, loaded the goods in a railroad car for transportation and received from the carrier a bill of lading in which plaintiff appeared as both consignor and consignee. The amount of the indebtedness thus incurred by Mrs. Hughes to plaintiff on account of services and advances was $179.23, and a written agreement was executed and delivered by her to the agent of plaintiff in which it was agreed that plaintiff should hold the goods "until said money is refunded." This instrument was not acknowledged, nor was it filed with the recorder of deeds. After the goods were loaded in the car and a bill of lading issued by the carrier, defendants

(who were the constable and his deputy) levied on them under several writs of attachment issued in actions brought against Mrs. Hughes by several of her creditors. Among the grounds charged in the attachment affidavits were alleged fraudulent acts of defendant in those actions, with respect to the disposition of her property. It is not argued by defendants herein that either Mrs. Hughes or plaintiff, in the transaction under consideration, was actuated by any fraudulent purpose towards the creditors of Mrs. Hughes, but it is contended that plaintiff should not be permitted to recover for the reason the written instrument executed by Mrs. Hughes and delivered to plaintiff amounted in law to a chattel mortgage and was void as against attaching creditors because of the failure of the mortgagee to file it with the recorder of deeds or to take and hold possession of the property as such mortgagee.

It is conceded that plaintiff was in actual possession of the goods at the time of the levy of the writs, but it is argued that the possession was held by plaintiff as the agent of Mrs. Hughes and not as mortgagee or pledgee. There is no merit in the contention. The delivery of the property by Mrs. Hughes, its owner, to plaintiff, under the terms of the agreement disclosed, established a species of bailment. Plaintiff, as bailee, undertook for hire to discharge the duties of a forwarding merchant and warehouseman. The rule, supported by the weight of authority in America, is that a bailee of this character, as long as he retains possession of the subject of bailment is entitled to a lien thereon, not only for his compensation but for advances made by him to the bailor as a part of the transaction. And such lien may be enforced whether or not it be evidenced in writing. Actual and open possession of the property by the bailee alone will suffice to sustain the lien. When wrongfully dispossessed of the property, the bailee may maintain replevin for its recovery. He holds possession

in the double character of agent for the bailor and of warehouseman, and in the latter capacity is entitled to possession, even against the bailor, until his charges are paid. The pledge executed by the bailor in the present instance amounted to nothing more than a written acknowledgment of the existence of a lien to which plaintiff was entitled under the rule stated, and as the evidence offered by plaintiff shows that the bailee was in the actual possession of the subject of bailment at the time of the levy of the writs of attachment, the learned trial judge committed no error in refusing the demurrer to the evidence and in sending the case to the jury.

We have examined the instructions given and find that they fairly declare the law applicable to the facts in issue. In the views expressed we have sufficiently answered the objections made to them.

Complaint is made of improper remarks made by one of the attorneys for plaintiff in his argument to the jury. Counsel for defendants made timely objections which were sustained by the learned trial judge who, each time, reproved the offending attorney and instructed the jury to disregard the objectionable statements. We think the correction administered was sufficient and that no prejudice against defendants was injected into the minds of the jury by these incidents.

The judgment is affirmed. All concur.