[No. 7279.  Decided September 24, 1908.]

LOA HELMER *et al.*, *Respondents*, v. TITLE GUARANTY &

SURETY COMPANY, OF SCRANTON, PENNSYLVANIA,

*Appellant*.[1]

JUDGMENT — ON THE PLEADINGS — PLEADINGS—INCONSISTENCY OF DENIALS AND AFFIRMATIVE DEFENSES.  In an action on a bond to indemnify plaintiffs against loss on a building contract, in which the complaint alleged breach of the bond, the recovery of judgments for debt foreclosing liens on the property and plaintiffs' payment of the same, a judgment for plaintiffs on the pleadings is not warranted by an affirmative defense admitting the execution and conditions of the building contract and bond, where the answer generally denied each and all of the allegations of the complaint; since, if the answer were inconsistent in the particulars specified, the denial raised other material issues respecting the furnishing of the material and foreclosure of the liens, which would prevent judgment on the pleadings.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 21, 1907, upon the pleadings, in favor of the plaintiff.  Reversed.

[1]Reported in 97 Pac. 451.

*P. P. Carroll, John E. Carroll,* and *Walter B. Beals,* for appellant, contended, among other things, that objection to affirmative defenses must be taken by demurrer and not by motion for judgment after filing a reply. *State ex rel. Holgate v. Superior Court,* 21 Wash. 33, 56 Pac. 932. Judgment on the pleadings is rendered on motion of plaintiff only when the answer admits or leaves undenied all the material facts stated in the complaint. *Finley v. Tucson,* 7 Ariz. 108, 60 Pac. 872; *Botto v. Vandament,* 67 Cal. 332, 7 Pac. 753; *Amador County v. Butterfield,* 51 Cal. 526; *Felch v. Beaudry,* 40 Cal. 439; *Steinhauer v. Colmar,* 11 Colo. App. 494, 55 Pac. 291; *Lee v. Jacob,* 38 N. Y. App. Div. 531, 56 N. Y. Supp. 645; *Shattuc v. McArthur,* 25 Fed. 133. Such a judgment cannot be given where the pleadings of defendant sets up a substantial and issuable defense. 23 Cyc. 769; *Prost v. More,* 40 Cal. 347; *Alspaugh v. Reid,* 6 Idaho 223, 55 Pac. 300; *Parker v. Des Moines Life Ass'n,* 108 Iowa 117, 78 N. W. 826; *Lewis v. Foard,* 112 N. C. 402, 17 S. E. 9. The test proposed by the decisions is that the declaration or complaint must be sufficient to withstand a general demurrer. 23 Cyc. 740; *Globe Acc. Ins. Co. v. Reid,* 19 Ind. App. 203, 47 N. E. 947, 49 N. E. 291; *Sloan v. Faurot,* 11 Ind. App. 689, 39 N. E. 539; *Ishmel v. Potts* (Tex. Civ. App.), 44 S. W. 615; *Loeber v. Delahaye & Co.,* 7 Iowa 478.

*John H. Perry,* for respondents.

Crow, J.—This is an action prosecuted by Loa Helmer and W. F. Helmer, her husband, against the Title Guaranty & Surety Company, a corporation, to recover damages on an indemnity bond. After issue joined, judgment was, upon motion, entered upon the pleadings in favor of the plaintiffs, and the defendant has appealed.

The appellant has presented numerous assignments of error, all of which, with the exception of the one that the court erred in entering judgment on the pleadings, are devoid of merit. The respondents in their complaint, in sub-

stance, allege that, on October 3, 1905, Loa Helmer entered into a written contract with one A. P. Gillies, a contractor, for the erection of a certain dwelling house in the city of Seattle; that on October 9, 1905, Gillies as principal and the appellant Title Guaranty & Surety Company as surety executed and delivered to her a written bond, to indemnify and save her harmless from any loss resulting from a breach of the building contract; that Gillies incurred, and failed to pay, a large amount of indebtedness to divers and sundry persons, for material and labor used in the erection of the building; that the various claimants filed lien notices, which were assigned to one Kalida Ryan; that on or about June 1, 1906, the assignee, Kalida Ryan, commenced an action to foreclose the material and labor liens; that on June 20, 1906, the respondents in writing notified appellant of the commencement of the action, and demanded that it pay the amount claimed, or defend and save the respondents harmless; that appellant did appear and defend the foreclosure action for and on behalf of respondents; that on a trial thereof, judgment for $655.20 debt, and $100 attorney's fees, and a decree of foreclosure, were entered against the respondents; that respondents had satisfied the judgment; and that upon demand the appellant had neglected and refused to reimburse them. The answer denied each and all of these allegations, but pleaded certain affirmative defenses, in which the execution and conditions of the building contract and the indemnity bond pleaded by respondents were substantially alleged.

The allegations of the complaint having been specifically denied, the only theory on which the respondents could recover judgment on the pleadings would be that the affirmative defenses of the answer were so inconsistent with its denials as to relieve the respondents from the necessity of making proof of the allegations of their complaint. In *Seattle Nat. Bank v. Carter*, 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177, it was held that, where an allegation of general denial in an answer is followed in an affirmative defense by a special aver-

ment of the truth of the matter which had been denied, the defenses are so inconsistent that they cannot stand together, and that the plaintiff will not be compelled to establish the truth of the allegation of his complaint to which such defenses were set up.

We cannot so construe the pleadings before us as to enable us to apply this rule and hold that the respondents were relieved from the necessity of producing evidence to sustain any of the allegations of their complaint. The answer fails to disclose any affirmative defense which would amount to an admission of allegations of the complaint, other than those above mentioned relative to the execution of the contract and bond. In their reply the respondents, as an estoppel, pleaded certain portions of the records of the foreclosure action, but upon respondents' motion for judgment upon the pleadings, such affirmative allegation of their reply must be considered as denied. Conceding that the affirmative allegations of the answer relieved the respondents from the necessity of introducing any evidence to prove the execution and conditions of the building contract and the indemnity bond, it was, nevertheless, under the denials of the answer, necessary for them to show by competent evidence that the material and labor liens had been incurred, that they had been foreclosed, that respondents had given notice to the appellant to make payment or defend the foreclosure action and save them harmless, and that the appellant had done so. In the absence of evidence offered to sustain these allegations, the respondents were not entitled to judgment upon the pleadings.

The judgment is reversed, and the cause remanded for a new trial.

HADLEY, C. J., FULLERTON, and MOUNT, JJ., concur.

ROOT and RUDKIN, JJ., took no part.