STATE ex rel. RIFE, Respondent, v. REYNOLDS et al., Appellants.

St. Louis Court of Appeals, March 23, 1909.

1. **BONDS: Attachment Bonds: Pleading.** In an action upon a statutory attachment bond, a petition which failed to allege the non-payment of the damage sustained by the attachment should be held bad on demurrer.

2. ———: ———: ———: **Jeofails: Objection to Testimony.** Where the sufficiency of a petition is challenged by objection to the introduction of testimony in its support, its sufficiency should be determined under the rules which obtain when it is challenged for the first time after verdict; under the statute of jeofails, section 672, Revised Statutes 1899, a petition on an attachment bond will be held good after verdict, though it fails to allege the non-payment of the damage sustained by the attachment.

3. **ATTACHMENT BOND: Judgment: Appellate Practice.** A judgment upon an attachment bond should be for the penal sum of the bond with execution for amount of damage, and a judgment in such case for the amount of damage is irregular; but such irregularity does not materially affect the merits of the case and under sections 865 and 866, Revised Statutes 1899, the appellate court in such case will modify the judgment so as to conform to the statute.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

MODIFIED AND AFFIRMED.

*Lew R. Thomason* for appellant.

(1) In a proceeding based upon an attachment bond, it is necessary that the petition allege the non-payment of the damage, otherwise it is fatally defective. Morgan v. Menzies, 60 Cal. 341; Cunningham v. Jacobs, 120 Ind. 306; Hencke v. Johnson, 62 Iowa 555; Church v. Campbell, 35 Pac. 381; Piney v. Hushfield, 1 Mont. 367. (2) Inasmuch, as there can be no recovery, unless the attachment was wrongful, the petition of the plaintiff must allege that the attachment was wrongful. Mc-Cullough v. Walton, 11 Ala. 492; Bunt v. Rheum, 52 Iowa 699.

*Thomas F. Lane, N. C. Whaley* and *David W. Hill* for respondent.

Plaintiff's petition stated a cause of action. State to use v. Berry & Berry, 12 Mo. 244. If the court should be of the opinion that the judgment in this cause was in fact informal, such informality certainly does not constitute prejudicial error, and should be disregarded. R. S. 1899, secs. 659, 865.

NORTONI, J.—This is a suit on an attachment bond. Plaintiff recovered and the defendant appeals. During the progress of the trial, the suit was dismissed as to the surety and the cause proceeded to judgment against the defendant, who is the principal obligor in the bond. It appears the defendant instituted an attachment suit in which the present plaintiff was made defendant, and the attachment writ was levied upon a considerable amount of property owned by her. Plaintiff employed counsel and defended the attachment in

the circuit court, in which action she prevailed and judgment was given therein in her favor. She paid her counsel about three hundred dollars attorneys' fees in defending the attachment suit. Having defeated the attachment suit, plaintiff instituted this action on the bond given by defendant, who was plaintiff in the attachment, to recover the amount expended by her in defending the attachment. The attachment bond is in the penal sum of three hundred dollars. In conformity with section 372, Revised Statutes 1899, it is conditioned, among other things, that the plaintiff shall prosecute his action wthout delay and with effect, and pay all damages and costs that may accrue to any defendant by reason of the attachment, or any process or proceeding in the suit, or by any judgment or process thereon. Although a portion of the evidence seems to be preserved and before us in the bill of exceptions, all of the arguments advanced for a reversal of the judgment pertain to matters appearing on the face of the record proper.

The evidence is ample to support the judgment. The first and principal argument advanced for a reversal is levelled against the sufficiency of the petition. It is said it fails to state a cause of action for the reason that it does not pointedly allege non-payment of the damages accrued to the plaintiff herein. The petition recites the facts pertaining to the institution of the attachment suit by the present defendant in which the present plaintiff was made defendant, and recites the execution of the bond in suit, in aid of the attachment therein sued out. The obligation and statutory conditions of the bond are then copied in the petition *in haec verba*. And it is alleged that there have been several breaches of said bond in that the plaintiff failed to prosecute said attachment suit with effect, the same having been finally determined in favor of the present plaintiff in the circuit court. It is averred therein that the defendant caused to be attached under such attachment suit, plaintiff's separate personal property of the

value of $3,500, and that therefore it became necessary
for her to employ attorneys and defend against the same
in the circuit court of Butler county; that to make her
defense thereto, plaintiff was compelled to and did pay
her attorney three hundred dollars, whereby it is alleged
"plaintiff has been damaged in the sum of $300." After
which follows a prayer that a judgment be given plain-
tiff and against the defendant for the penalty of the
bond, etc., and that execution issue to satisfy the same.
It is very true there is no formal allegation to be found
in the petition by which the plaintiff alleges non-pay-
ment of the damages alleged to have accrued to her by
virtue of the attachment proceedings; and there is no
doubt had this question been presented by demurrer to
the petition, it would have been well taken. That is
to say, the plaintiff, in suing on a breach of the obliga-
tion of the bond to pay such damages as may accrue,
ought to allege, of course, their non-payment in order to
state facts constituting a breach of this condition. Mr.
Drake in his valuable work on Attachments, in speaking
of a suit on an attachment bond, says: "A declaration
which fails to aver the non-payment of the damages sus-
tained, is bad on demurrer." [See Drake on Attach-
ments (7 Ed.), sec. 168. See also Pinney v. Hershfield,
1 Mont. 367; Ryder v. Thomas, 32 Iowa 56; Horner v.
Harrison, 37 Iowa 378; Michael v. Thomas, 27 Ind. 501.]
There are other cases asserting the doctrine that in
suits on attachment bonds for non-payment of damages
alleged to have accrued, the non-payment is the breach
of the covenant proceeded upon and must be alleged.
It is said non-payment being the breach, it is of the
substance of the action, and must be alleged in the
petition, or otherwise the allegations are fatally defect-
ive after verdict. [Morgan v. Menxies, 60 Cal. 341;
Church v. Campbell (Wash.), 35 Pac. 381; Cunningham
v. Jacobs, 120 Ind. 306, 313.] Without taking account
of the distinction which obtains with respect to the

sufficiency of averment when challenged by demurrer and after judgment, under the influence of the statute of jeofail, Mr. Shinn, in his work on Attachment, says: "A declaration or complaint, in an action for a breach of condition in an attachment bond, must aver that the damages sued for are unpaid." [1 Shinn on Attachments, sec. 187.] In this connection, see also Hencke v. Johnson, 62 Iowa 555, 558, which almost, if not quite, extends the doctrine which rightfully obtains on demurrer, as the rule for the determination of the sufficiency of the petition after judgment. However it may be with the authorities last above referred to, we are persuaded that they are without influence in this State in view of the provisions of our statute of jeofails (sec. 672, R. S. 1899, sec. 672, Mo. Ann. St. 1906). There was no demurrer lodged against the sufficiency of the petition. The matter was brought to the attention of the court by oral objection at the threshold of the trial to the effect that the petition failed to state facts sufficient to constitute a cause of action. The practice of challenging the sufficiency of an averment in this manner does not obtain with the same effect as a demurrer. Indeed, on such objection, the sufficiency of the petition is determined under the rules which obtain after verdict and judgment. [State ex rel. v. Delaney, 122 Mo. App. 239; Hazeltine v. Smith, 154 Mo. 404; Goldsmith v. St. Louis Candy Co., 85 Mo. App. 595.] Although formal averments are omitted from the petition, after verdict and judgment, all matters will be allowed in aid thereof as intended by the pleader which may be implied by a reasonable construction of the pleadings. [Hurst v. Ash Grove, 96 Mo. 168; Grove v. Kansas City, 75 Mo. 672; Lycett v. Wolff, 45 Mo. App. 489; Munchow v. Munchow, 96 Mo. App. 553.]

It is suggested the mere averment that the plaintiff was damaged in the sum of three hundred dollars by reason of the facts theretofore alleged in the petition,

together with her prayer for judgment, does not necessarily imply non-payment of the damages, and that in truth, non-payment may not be inferred from what appears. This argument may be sound. We will not consider it for the reason the principal matter in judgment falls within the very words of our statute of jeofails (sec. 672). By that statute we are commanded that no judgment shall be reversed for the want of any allegation or averment on account of which omission a demurrer could have been maintained, or for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict. Now it is certain to reverse this judgment for the defect mentioned would violate both the letter and the spirit of the statute quoted. First, for the reason it is the omission of an averment for which a demurrer would lie in the first place; and second, it would be a reversal for the omission of an averment of fact without proof of which the verdict could not have been given for the plaintiff. It is clear the failure to aver non-payment is cured by the verdict. So reads the statute, sec. 672.

Plaintiff recovered a verdict for two hundred dollars. The judgment entered thereon is not precisely as it should be, in that instead of being for the penal sum of the bond, to be satisfied by the payment of two hundred dollars and costs, it recites generally that the plaintiff have and recover of the defendant the sum of two hundred dollars with costs, etc. It seems that judgments have been reversed in this State for such irregularities. [See State ex rel. Gates v. Fitzpatrick, 64 Mo. 185; State ex rel. Cochran v. Cooper, 79 Mo. 464.] Section 865, Revised Statutes 1899 (sec. 865, Mo. Ann. St. 1906), commands that judgments shall not be reversed unless it appears error was committed against the appellant materially affecting the merits of the action. In view of this legislative command, it seems that the judgment in this case ought not to be reversed and the cause remanded on such a technical pretext when it is apparent ·

that the irregularity does not materially affect the merits of the case. Section 866 provides that the court of appeals "shall examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law." This section clearly confers authority upon the appellate court to give a proper judgment when there is a mere irregularity, without reversing the case. In view of the statute above referred to commanding that a judgment shall not be reversed except for error materially affecting the merits of the cause, the statute authorizing judgment to be given here as it should have been in the circuit court, should certainly be adhered to in every instance where the ends of substantial justice may be attained thereby. The more recent decisions of our Supreme Court have been in conformity to this view, and we believe them to be sound and just. [See Jackson v. Hardin, 83 Mo. 175; Scott, Force Hat Co. v. Hombs, 127 Mo. 393, 402.] In a case similar to this, where the judgment was irregular, as in this case, this court heretofore expressed the opinion that such irregularity could be properly corrected here. [State ex rel. Heye v. Frank, 22 Mo. App. 46, 48.]

The trial court should modify its judgment by an entry to the effect that the plaintiff have judgment for the penalty of the bond, to be satisfied by the payment of two hundred dollars and interest thereon from date of judgment, together with costs of suit, for which execution issue. Thus modified, the judgment will be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.