[No. 8136.   Department Two.   November 5, 1909.]

LOA·HELMER et al., Respondents, v. TITLE GUARANTY
& SURETY COMPANY of Scranton, Pennsylvania,
Appellant.[1]

INSURANCE—INDEMNITY—ACTIONS—CONTRACT—LIMITATION—PLEADING.  A limitation in an indemnity bond barring action in case suit is not commenced within four months is waived if not specifically pleaded.

APPEAL—DECISION ON FORMER APPEAL—EXECUTION OF BOND—PLEADING.  It cannot be objected that there was no proof of the execution of the bond in suit, where on a former appeal the supreme court held that affirmative defenses substantially admitted the execution of the bond.

TRIAL—EVIDENCE—WAIVER OF OBJECTIONS—EXECUTION OF BOND. The admission in evidence of the bond, in suit "by consent of both parties," waives proof of execution of the bond.

INSURANCE—INDEMNITY—BREACH OF CONDITION—PAYMENT—BURDEN OF PROOF.  Where breach of an indemnity bond guaranteeing a building contract is shown by proof of satisfaction of a judgment recovered against the property through default of the contractor, it is not necessary to show failure to indemnify the plaintiff, but the burden of proving payment or performance is on the defendant.

Appeal from a judgment of the superior court for King county, Yakey, J., entered February 11, 1909, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action on an indemnity bond. Affirmed.

*Carroll & Carroll* and *Milo A. Root*, for appellant.

*John H. Perry*, for respondents.

RUDKIN, C. J.—This was an action to recover damages for breach of the conditions of a surety or indemnity bond. The case was before this court on a former appeal, where a more complete statement of the issues will be found. *Helmer v. Title Guaranty & Surety Co.*, 50 Wash. 411, 97 Pac. 451.

[1]Reported in 104 Pac. 783.

The plaintiffs had judgment below on a retrial of the case, and the defendant has appealed therefrom.

The bond in suit, among other things, provides that no suit, action, or proceeding thereon should be instituted later than four months after the completion of the contract covered by the bond, and the appellant contends that the contract covered by the bond was completed more than four months before the commencement of the present action, and that the action is therefore barred. The respondents, on the other hand, contend that the contract limitation was not pleaded and is therefore waived. The latter contention must be sustained. The bar of the contract limitation must be specially pleaded the same as the bar of the general statute of limitations. *Andes. Ins. Co. v. Fish,* 71 Ill. 620; *Humboldt Ins. Co v. Johnson,* 1 Ill. App. 309; *Fred Miller Brewing Co. v. Capital Ins. Co.,* 111 Iowa 590, 82 N. W. 1023, 82 Am. St. 529; Joyce, Insurance §3223.

It is next contended that there was no proof of the execution of the bond by appellant. There are two answers to this objection. First, on the former appeal this court said: "The answer denied each and all of these allegations, but pleaded certain affirmative defenses, in which the execution and conditions of the building contract and indemnity bond were substantially admitted." Second, the offer of the original bond in evidence at the trial was accompanied by the following statement: "If your honor please, by agreement this bond of the Title Guaranty and Surety Company indemnifying the Helmers against loss is admitted by consent of both counsel." No objection was interposed to the offer in this form, and the bond itself was admitted without objection. Under such circumstances the objection now urged cannot be entertained.

It is further contended that there was no proof that the appellant failed to indemnify the respondents, and *Church v. Campbell,* 7 Wash. 547, 35 Pac. 381, is cited in support of the rule that such proof is indispensable in actions of this

kind. That was an action on an attachment bond, conditioned that the plaintiff in the attachment would pay all costs that might be adjudged to the defendant and all damages which he might sustain by reason of the attachment, and the court was discussing the failure to allege nonpayment of the costs and damages by the plaintiff in the attachment suit, not nonpayment by the surety after breach of condition of the attachment bond. An allegation of nonpayment by the plaintiff in the attachment suit was there necessary to show a breach of condition of the bond, while here a breach of condition was clearly shown by proof of satisfaction of the judgment recovered against the property, and the burden was upon the appellant to show payment or performance the same as in any other case. These were affirmative defenses to be alleged and proved by the appellant.

The other assignments of error are without merit and require no special consideration. Judgment affirmed.

CROW, MOUNT, PARKER, and DUNBAR, JJ., concur.