ALBERT A. HATTON, ET AL., DEFENDANTS IN ERROR, V. CHARLES L. HENMAN, ET AL., PLAINTIFFS IN ERROR.*

Kansas City Court of Appeals. November 26, 1928.

*Corpus Juris-Cyc References: Covenants, 15CJ, section 211, p. 1311, n. 94; Evidence, 22CJ, section 118, p. 177, n. 3; section 1114, p. 910, n. 15.

*Shull & Shull* for appellants.

*W. K. Amick* for respondent.

WILLIAMS, C.—This is a suit for a breach of warranty and comes to this court from the circuit court of Buchanan county.

The facts show that the plaintiffs bought a tract of land from the defendant. This land was conveyed by a general warranty deed. The evidence showed that the defendants did not put the plaintiffs in possession of that part of the tract which had been, and was at the time the case was tried, in possession of the Chicago, Burlington & Quincy Railroad, and used as a right of way.

The jury assessed plaintiffs' damage in the sum of $335, and after an unsuccessful motion for a new trial, defendants appeal.

The appellant makes many assignments of error but does not support these assignments by authority.

It is first contended that the demurrer to the petition should have been sustained. However, the record does not disclose any ruling upon the demurrer.

It is next contended that the petition does not state a cause of action by reason of the failure to properly plead the deed. It was said in Exchange Nat. Bank of Tulsa, Okla. v. Daley, 237 S. W. 846, l. c. 847:

"Defendant insists that the petition fails to state a cause of action for the reason that it does not allege that plaintiff was the owner of the property at the time of the alleged conversion and that it was at that time entitled to the possession thereof. There was no attack

made on the petition at the trial, except an objection at the introduction of any testimony on the ground that the petition failed to state a cause of action. This method of attacking the petition is not looked upon with favor. If the petition states any cause of action, even though it is defectively stated, it is good after verdict. [Storage & Moving Co. v. Harding, 126 Mo. App. 489, 104 S. W. 484; State ex rel. v. Reynolds, 137 Mo. App. 261, 117 S. W. 653.]

We think that under this doctrine the petition is not fatally defective.

It is next contended that the plat showing the land should not have been received in evidence because it was not shown to be correct. However, the surveyor testified that he knew the plat was correct from having checked it with the field notes of the survey which he helped to make. He was further asked "Is this a correct map?" And his answer was, "Yes, sir." We think, therefore, there is no merit in this assignment.

It is next contended that witness Hatton should not have been allowed to testify as to the uses to which he could have put this land. We think this was competent on the question of value of the tract.

It is next urged that the value of the triangular tract should not have been admitted. We think that this was the proper way to put the jury in possession of the facts of the case.

The witness Hatton testified that the triangular tract and similar land in that vicinity, was worth $150 an acre and we think there was no error in this evidence.

The next assignment is that the court should have directed a verdict for the defendants. We think the evidence was clear that the plaintiff made a case. [Lindsay v. Smith, 178 Mo. App. 189; Kite v. Pitman, 278 S. W. 830.]

We think there is no merit in the assignment that the instructions used the letters C., B. & Q. R. R. Co. instead of writing out the entire name.

It is next contended that the evidence did not show that the railroad occupied this land. However, the record shows that Mr. Hatton testified that the triangular piece of ground that lies east of the highway was occupied by the railroad company and had been so occupied for about forty years. We think the case was fairly tried and properly submitted by the instruction.

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.