## FRANCIS DOYLE *vs.* SARAH A. HALLAM.

### May 12, 1875.

Estoppel—Former Judgment, by Default, in Ejectment.—This is an action to determine the adverse claim of defendant to certain premises, of which plaintiff alleges that he is owner in fee and in possession. Defendant brought a former action against plaintiff, in the complaint in which she alleged that she was owner in fee, and entitled to the immediate possession of the premises in dispute, that plaintiff was in possession of the same, and wrongfully withholding possession from her, and demanded judgment for possession and damages. Upon plaintiff's failure to appear and answer, judgment was rendered, awarding possession to defendant. *Held,* that the judgment is a bar to the present action.

At the trial of this action in the district court for Hennepin county, before *Vanderburgh*, J., the judgment roll in a former action between the parties was offered in evidence by the defendant, and the court instructed the jury that the judgment in such former action was a conclusive bar to this action. The jury found a verdict for defendant, upon which judgment was entered, and plaintiff appealed.

*D. A. Secombe*, for appellant.

*L. M. Stewart*, for respondent.

BERRY, J. The plaintiff Doyle, alleging that he is owner in fee, and in possession of certain lands, brings this action to determine the adverse claim of defendant Hallam to the same. The defence is a former adjudication in an action brought by Hallam against Doyle, in the complaint in which

Hallam alleged, in substance, that she was "owner in fee, and entitled to the immediate possession" of the premises in dispute, that Doyle was in possession of the same, and wrongfully withholding possession thereof from her, (Hallam,) and demanded judgment for possession and damages. Upon Doyle's failure to appear and answer, judgment was rendered, awarding possession to Hallam.

The complaint must be taken as alleging that Hallam, as owner in fee, was entitled to the immediate possession of the premises. It therefore tendered a material issue upon Hallam's title in fee, her right of possession being based upon such title; and upon Doyle's default, which was equivalent to a confession of the material facts alleged in the complaint, (*Rowe* v. *Table Mountain Water Co.*, 10 Cal. 444,) the issue tendered as to title was determined in Hallam's favor. It is not important that the judgment simply awarded possession to Hallam; since, upon the complaint, her right of possession being dependent upon her title in fee, the award of possession involved a determination in favor of her alleged title. No after-acquired title having been shown by Doyle, we are therefore of opinion that the judgment in the former action is a bar to the present action.

The fictions accompanying the common law action of ejectment having no existence in our practice, the inconclusiveness which attached to judgments in ejectment, on account of those fictions, is no longer admitted. *Marshall* v. *Shafter*, 32 Cal. 176, and cases cited; *Miles* v. *Caldwell*, 2 Wall. 35; *Sturdy* v. *Jackaway*, 4 Wall. 174; Freeman on Judgments, § 299. So that if the former action were simply an action in the nature of ejectment, in the sense of being a substitute for ejectment, the judgment would be a conclusive determination of the questions litigated, unless a second trial was had, as provided in our statute relating to actions for the recovery of real property. Gen. Stat., ch. 75, §§ 5, 6.

But the former action tendered a distinct issue as to the title in fee to the premises in controversy. It was, there-

fore, we think, something more than a mere substitute for ejectment, which was possessory only. If this is so, it furnishes an additional reason why the inconclusiveness of judgments in ejectment at common law should not attach to the judgment in the former action, and why such judgment should not be excepted from the rule of conclusiveness applicable to judgments in general. Judgment affirmed.