KATHERINE HEALEY v. ROBERT MANNHEIMER and Others.[1]

November 15, 1898.

Nos. 11,225—(48).

**Contract of Employment—Evidence of Custom.**
  A local custom or usage cannot be proven, tending to impeach an express contract, nor tending to subvert a well-settled rule of law, and thereby to show that the testimony of one party is more reasonable than that of the others.

**Verdict Sustained by Evidence.**
  Evidence considered, and *held* sufficient to justify the verdict of the jury.

Appeal by defendants from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial, after a verdict for plaintiff.   Affirmed.

*C. D. & Thos. D. O'Brien,* for appellants.
*James J. McCafferty,* for respondent.

BUCK, J.

The complaint alleged that on September 16, 1895, plaintiff entered into a contract with the defendants whereby it was agreed that plaintiff should work for defendants for the period of one year at the rate of $15 per week, and by virtue of the terms of said agreement she entered upon the performance of said work forthwith, and continued to perform said services until March 23, 1896, when the

defendants discharged her from said employment without any cause, and would not permit her to perform services for the remainder of said year of hiring, although she was ready, able and willing to do so, and was unable to find employment elsewhere during the remainder of said year. Subsequent to the expiration of said year for which she was so hired, she brought this action against defendants to recover the balance due her for the period running from March 23, 1896, to September 16, 1896, and upon trial in the district court of Ramsey county she recovered judgment for $410.29 damages. From an order denying a motion for a new trial the defendants appeal.

There was a sharp conflict in the testimony between the parties as to whether the hiring was for one year, or by the week. Upon this question the jury found in favor of the plaintiff, and we find no grounds for disturbing the verdict.

The only question of law raised is embraced in the offer of defendants' counsel to show the number of people employed by defendants; the character of the employment; the fact that this business could not be carried on under yearly contracts; that it is never done in this business; that it is never done in the dry-goods business; that it is never permitted; that there does not exist a firm in the United States that does or could carry on their business in that way. This offer was objected to and excluded. Evidence as to these collateral facts, if admitted, would have protracted the trial, unnecessarily distracted the minds of the jury from the real issue, and would have no direct or legitimate tendency to shed light on the question in issue, viz., whether an express contract of hiring between the parties was by the week or for a year. The offer was therefore properly rejected.

Order affirmed.