### I. F. TORPEY v. CHARLES MURRAY and Others.[1]

December 16, 1904.

Nos. 14,195—(108).

**Custom.**

Evidence of custom is not admissible to vary or contradict the express terms of a contract.

**Void Contract.**

A contract is void which has for its object the practice of deception or fraud upon a third party, or to take advantage of confidential relations with him for the purpose of drawing him into a bargain by which the party undertaking to use his influence will secretly receive a benefit from the seller.

**Evidence—Charge to Jury.**

Rules applied, and *held* that the trial court did not err either in its rulings as to the admissibility of evidence or in its charge to the jury.

Appeal by defendants from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff for $167.50. Affirmed.

*C. M. Ferguson,* for appellants.
*Charles E. Bond,* for respondent.

START, C. J.

Action in the municipal court of the city of Minneapolis to recover a balance of $160 claimed to be due the plaintiff from the defendants for finding a purchaser of certain lands from them. The allegations of the complaint are to the effect that the parties hereto entered into a contract whereby the defendants agreed to pay the plaintiff one dollar an acre if he would find a purchaser of any part of the lands they had for sale; that pursuant thereto he found a purchaser (Oliver Cochran) for three hundred twenty acres of the land, and introduced him to the defendants; that he purchased from them that number of acres of land; and, further, that the defendants have paid to the plaintiff for such services $160, and no more.

[1] Reported in 101 N. W. 609.

The answer admitted and alleged that the parties entered into a contract whereby the plaintiff, for the compensation of one dollar per acre, agreed to act as the agent of the defendants in finding and introducing purchasers for them, and also to assist in furthering the final consummation of sales to such purchasers, and to perform all reasonable services in the premises as they might request of him. The answer further alleged that the plaintiff refused to perform certain requested services in connection with the sale of the land to the purchaser found by him, and that the services actually performed by him were less than one-half in amount and value of the entire services included in his agreement. As a second defense the answer alleged

> That at the time when the said Cochran entered into said contract to purchase, and for a long time prior thereto, the plaintiff was acting as the physician, friend, and confidential adviser of the said Cochran, and while sustaining such confidential relations with him, and by means thereof, and not otherwise, plaintiff induced the said Cochran to enter into the said agreement and contract to purchase; that during all of said times plaintiff concealed from said Cochran, and said Cochran had no knowledge of, the fact that he (plaintiff) was employed by defendants to effect a sale of the said land for a compensation to be paid by defendants to plaintiff therefor, but, on the contrary, plaintiff stated and represented to said Cochran that plaintiff was not financially interested in such sale, but was therein effecting a saving to said Cochran of the amount of the agent's compensation therefor.

The trial court instructed the jury to return a verdict for the plaintiff for the amount claimed unless the defendants had sustained their second alleged defense. The court submitted this second defense to the jury, and instructed them as follows:

> It is not sufficient for the defendants to prove that the plaintiff was the physician, friend, and confidential adviser of Mr. Cochran. They have to go further. They have to show that, while being such, the plaintiff induced Cochran to make this contract of purchase; that the plaintiff was using his confidential relations with Mr. Cochran to urge him to make the contract, and induced him to make the contract, and not only that, while

he was urging him to make the contract or inducing him to make the contract, Mr. Cochran did not know that the plaintiff expected to be remunerated for his work in procuring the contract.

The jury returned a verdict for the plaintiff, and the defendants appealed from an order denying their motion for a new trial.

1. It is the contention of the defendants that the court erred in directing the jury to return a verdict for the plaintiff unless the defendants had established their second alleged defense. We are of the opinion, in view of the undisputed evidence, that the instruction was correct, for it shows that the plaintiff found and introduced to the defendants a purchaser who purchased three hundred, twenty acres of land, and that this was, by the terms of his contract, all that he was required to do in order to earn his commission.

The defendants offered to show on the trial that the custom between real estate agents in effecting a sale of property in which both are interested is for the subagent to render all the services which he can perform more conveniently than the general agent. The offer was excluded, and the ruling is assigned as error. Waiving the objection that the offer is indefinite as to time and place of the existence of the alleged custom, it was properly excluded for the reason that it was immaterial. The plaintiff was not an agent or a subagent for the sale of the land. His contract was to find a purchaser for the land, not to sell it. Evidence of custom is not admissible to vary or contradict the express terms of a contract. Paine v. Smith, 33 Minn. 495, 24 N. W. 305; Globe Milling Co. v. v. Minneapolis Elevator Co., 44 Minn. 153, 46 N. W. 306; Healey v. Mannheimer, 74 Minn. 240, 76 N. W. 1126.

It follows that the offer of the defendants to show that, after the contract for the purchase of the land was entered into with the purchaser, certain services were necessary in order to close the contract, and that the plaintiff refused the request of the defendants to perform them, was rightly excluded. The plaintiff never agreed to perform them.

2. The last group of alleged errors relates to the defendants' alleged second defense. We assume for the purposes of this decision only that the facts alleged in the answer as a second defense are sufficient, if true, to constitute a defense. It is well settled that a contract is void which has for its object the practice of deception or fraud upon a third party,

or to take advantage of confidential relations with him for the purpose of drawing him into a bargain by which the party undertaking to so use his influence will secretly receive a benefit from the seller. 9 Cyc. 468. A good illustration of the rule is the case of Bollman v. Loomis, 41 Conn. 581, cited by defendants' counsel, which was a case where A. agreed to pay B. for advising C. to buy a piano of A.; B. to act as the friend and confidential adviser of C., who was to be kept in ignorance of the agreement. A. succeeded in making the sale to C., but refused to pay B. Held, B. could not recover. Greenwood, Pub. Pol. 156.

No such contract was alleged or proven in this case. The most that can be claimed is that the answer alleges that, in executing his contract to find a purchaser, the plaintiff took advantage of the confidential relations which he sustained to the purchaser. Whether he did do so was a question for the jury. The mere fact that the plaintiff was the physician and friend of the purchaser is immaterial, and the instructions of the trial court complained of were substantially correct: The charge of the court, taken as a whole, fairly and correctly submitted the defendants' alleged second defense to the jury.

We find no reversible error in the record.

Order affirmed.