# H. W. HOTCHKISS v. OLIVER ERICKSON AND ANOTHER.[1]

June 13, 1924.

No. 24,019.

**Abandonment of lease of apartment unwarranted.**

> Where the lessee of an apartment stipulates to take the premises just as they are, the fact that the lease fails to mention that a room retained by the lessor receives its heat from the furnace and electricity for its lights through the meter of the apartment, does not justify him in abandoning the premises, nor relieve him from liability for rent, unless he shows that he was induced to enter into the lease by misrepresentations and in ignorance of the situation.

Action in the municipal court of Minneapolis to recover $210. The case was tried before Reed, J., who when plaintiff rested granted defendants' motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Einar Hoidale,* for appellant.

*William M. Nash* and *Chester L. Nichols,* for respondents.

TAYLOR, C.

On October 1, 1922, plaintiff leased to defendant the lower apartment of a duplex in the city of Minneapolis for the term of 11 months from that date for $70 per month, payable in advance. Defendant paid the rent for October and went into possession. The two apartments in the building were heated by separate furnaces and lighted by electricity through separate meters. There were two rooms on the third or attic floor, one of which was occupied by plaintiff. This room was heated by the furnace of the lower apartment and was lighted by electricity which came through the meter of the lower apartment. In the latter part of October, defendant demanded that plaintiff disconnect this room from that furnace and disconnect the electric lights of this room from that meter. Plaintiff refused to do so. They had some negotiations concerning an

[1]Reported in 199 N. W. 227.

allowance to defendant for heating and lighting plaintiff's room, but were unable to agree, and at the end of the month defendant vacated the premises. Plaintiff brought this action to recover the rent for November and December during which the apartment remained vacant. The court dismissed the action at the close of plaintiff's evidence, and thereafter denied a motion for a new trial. Plaintiff appealed.

The question presented is whether defendant was justified in abandoning the apartment for the reason that he could not occupy it without furnishing heat and light for plaintiff's room.

The written lease makes no mention of the matter of heat or light for plaintiff's room. It provides, however, that defendant is "to have and to hold the said premises just as they are without any liability or obligation on the part of the lessor of making any alterations, improvements or repairs of any kind on or about said premises."

There is no evidence, and apparently no claim, that defendant was deceived or misled in any way, nor that he did not know and understand the situation in respect to the heat and light before making the lease. Plaintiff attempted to prove affirmatively that defendant knew and understood this situation, but the testimony was excluded on defendant's objection. Defendant contracted to take the premises "just as they are without any liability or other obligation on the part of the lessor of making any alterations." Under such a lease, he cannot avoid the obligation to pay rent without alleging and proving that he was induced to enter into it by fraudulent misrepresentations. The undisputed facts show that plaintiff is entitled to recover, and the order must be and is reversed.