## C. W. KAMPFER v. WILLIAM PETERMAN.[1]

March 5, 1926.

No. 25,095.

**Where expert adviser of purchaser is promised commission by seller, such contract is against public policy and courts will not enforce it.**
    Where a person who is acting as expert and adviser of the purchaser of a milk condensing plant makes a contract with the seller for a commission, if he puts the deal through, without informing his principal of the contract, such contract is against public policy and void, and the courts will refuse to enforce it whenever that fact appears.

Agency, 2 C. J. pp. 763 n. 43; 764 n. 45.
Appeal and Error, 3 C. J. p. 701 n. 83.
Contracts, 13 C. J. pp. 507 n. 89; 743 n. 79; 744 n. 83.

[1]Reported in 207 N. W. 633.

Action in the district court for Carver county. The case was tried before Tifft, J., and a jury which returned a verdict in favor of plaintiff. Plaintiff appealed from an order directing judgment for defendant notwithstanding. Affirmed.

*Odell & Fahey* and *Morphy, Bradford & Cummins*, for appellant.

*Loring & Anderson*, for respondent.

TAYLOR, C.

The Farmers Co-operative Company had a creamery at Waconia in Carver county. Defendant had a milk condensing plant at Waconia which he sold to the Farmers Co-operative Company for $67,-000. Plaintiff brought this action to recover a commission for services in negotiating the sale, claiming that defendant had promised to pay him one per cent of the sale price if he put the deal through. Defendant's answer was a general denial, and at the trial he denied making any agreement with plaintiff of any sort. The jury found that the agreement was made and returned a verdict for plaintiff. The court directed judgment for defendant notwithstanding the verdict on the ground that plaintiff was the agent of the Farmers Co-operative Company in the transaction, and that the law will not permit him to put himself in a position where his own interests would be antagonistic to those of his principal. Plaintiff himself testified that he was acting as the expert for the Farmers Company in determining whether defendant's plant was suitable for the purposes of that company; that they relied upon him as their confidential adviser in the matter; that he was making an examination as such expert at the time he made the agreement with defendant; and that he never informed the Farmers Co-operative Company of this agreement.

According to plaintiff's own statement of the facts, the contract was contrary to public policy and absolutely void. That the courts will not give effect to such a contract is too thoroughly settled to require discussion. Lum v. McEwen, 56 Minn. 278, 57 N. W. 662; Torpey v. Murray, 93 Minn. 482, 101 N. W. 609; City of Minneapolis v. Canterbury, 122 Minn. 301, 142 N. W. 812, 48 L. R. A. (N. S.) 842, Ann. Cas. 1914D, 804.

It is urged that the answer being only a general denial did not raise this question. The answer put in issue the existence of any contract and was sufficient to permit proof that the alleged contract was void. Goodrich v. N. W. Tel. Exch. Co. 161 Minn. 106, 201 N. W. 290.

The only doubtful question arises from the fact that this point was apparently not raised at the trial. However, the question was passed upon and determined by the trial court upon the motion for judgment, and we are of opinion that, where a contract is clearly void as against public policy, it is the duty of the court to refuse to enforce it whenever that fact appears, even if the question has not been formally raised. Goodrich v. N. W. Tel. Exch. Co. 161 Minn. 106, 210 N. W. 290. The fact that plaintiff may not have had a written or formal contract with the Farmers Co-operative Company is immaterial. He was acting as their expert adviser.

Order affirmed.