GEO. BENZ & SONS v. CALEB K. HASSIE.[1]

June 28, 1940.

No. 32,289.

[1]Reported in 293 N. W. 133.

*Daggett & Redlund,* for appellant.
*Paul C. Thomas,* for respondent.

PETERSON, JUSTICE.

This action was brought to recover the balance due on a contract for the sale of furniture and furnishings in the Glendale Apartments in St. Paul. Plaintiff prevailed below. Defendant appeals from the order denying his motion for a new trial.

The contract on which the action was based was executed on November 30, 1936. By its terms plaintiff sold to defendant the furniture and furnishings under conditional sales contract for the contract price of $3,398.53 payable in monthly installments of $75. Plaintiff reserved in itself title, right of possession, and the right to declare the entire contract price due in case of default in paying any monthly installment. The complaint alleges the contract, payment of $375 consisting of five monthly installments, default in making pay-

ments, the exercise of the right to declare the entire contract price due, and that the amount due to plaintiff from defendant was the sum of $3,023.53.

Defendant answered and counterclaimed.

The answer admits the contract and the payment of $375. It alleges that plaintiff did not have title to the personal property covered by the contract. On the contrary, it alleges that the furniture and furnishings at all times belonged to defendant and that he used the same in operating the Glendale Apartments, for which he had a lease which was referred to as the 1934 lease. Defendant claims that plaintiff acquired title to the property under an execution sale on judgment fraudulently entered by agreement of the parties to put the title in plaintiff's name so as to be beyond the reach of defendant's wife, who was threatening to apply for a receiver of the same to enforce payment of alimony awarded to her by a decree of divorce from defendant. The fraudulent plan according to defendant was that plaintiff should sue defendant for $800 rent claimed to be, but which was not actually, due for the months of April and May, 1935; that defendant was to default and judgment was to be entered in favor of plaintiff; and that the property was to be sold on the execution sale to plaintiff. Further, plaintiff was to bring unlawful detainer proceedings for default in paying the rent and obtain restitution of the premises. The answer alleges that the fraudulent scheme was executed. Plaintiff brought an action in the district court of Ramsey county to recover the $800 rent, an execution was issued, and plaintiff purchased the property at the execution sale. Plaintiff obtained restitution of the premises as agreed. Beginning with the month of June, 1935, defendant operated the premises as plaintiff's employe for a compensation of ten per cent of the receipts of the property.

Then it is alleged that after the fraudulent arrangement had continued from June, 1935, until November 30, 1936, plaintiff notified defendant that he would have to purchase

the property at the price and terms set forth in the contract and take a lease of the premises in his own name or plaintiff would terminate the arrangement under which they had been operating. Defendant claimed that the effect of the contract was to compel him to agree to pay to plaintiff under the guise of a sale of the furniture and furnishings what it would have got if the 1934 lease had been performed by the parties according to its terms without the benefit to defendant of a certain reduction in rent which was made prior to the fraudulent arrangement alleged.

It is alleged that plaintiff orally promised as part of the fraudulent arrangement that it would "take care" of and would "be right" with defendant. The contract sued on is alleged to be a fraud on defendant as being in breach of the agreements contained in the fraudulent scheme.

Although the judgment is alleged to be based on and permeated with fraud, defendant did not ask that the judgment be set aside or vacated.

Four counterclaims amounting to $5,749 are alleged, of which the first, second, and fourth are for breaches of the November 30, 1936, lease, as follows:

(1) $2,329 for breach of covenant in failing in 1937 and 1938 to replace iceboxes and frigidaires, to clean and paint the apartment walls, and to keep water and sawdust out of the basement;

(2) $680 for the rental value of two rooms which defendant was compelled to use as toilet rooms for his tenants to comply with the order of the state hotel inspector;

(3) $240 for electric current furnished by defendant to plaintiff; and

(4) $2,500 for cleaning and painting the apartment walls, which plaintiff had agreed to do under the lease.

The reply admitted the 1934 lease, the recovery of the judgments for the rent claimed to be due and for the restitution of the premises, the issuance of execution, and

purchase of the personal property by plaintiff at the sheriff's sale under the execution. The fraud and other allegations of the answer were denied.

At the opening of the trial defendant admitted that plaintiff was entitled to recover on its cause of action unless he substantiated his defense. He claimed, therefore, that he was entitled to open and close on both his defense to plaintiff's alleged cause of action and on his counterclaims. The court below took this view.

The third and fourth counterclaims were disposed of with defendant's consent, the former by a directed verdict in favor of plaintiff and the latter by voluntary dismissal on defendant's motion.

Defendant's efforts to sustain the defense of fraud consisted, first, of an attack on plaintiff's title to the furniture and furnishings by attempting to show that it was void as being part of the fraudulent plan to prevent his wife from enforcing the provisions of a divorce judgment awarding her alimony. All this plaintiff contended involved a collateral attack on the judgment for rent to which it was immune. Secondly, defendant claimed fraud because of plaintiff's failure to take care of him and treat him right.

The claim of duress was bottomed on the claim of fraud. Defendant claimed that the legal proceedings whereby plaintiff acquired legal title to defendant's property were void as fraudulent, that he was only buying his own property, and that he was compelled to submit to plaintiff's terms to get back his own and retain possession of the apartment premises for the reason that plaintiff then had legal title to the personalty and right of possession of the premises. There was no other claim of duress.

The first counterclaim was based on a provision in the lease as follows:

"Lessor agrees to replace any equipment (not furniture) belonging to the building which through reasonable use is no longer reasonably fit for its intended use."

It is conceded that the clause applies to the iceboxes and frigidaires. There was evidence of reasonable wear and tear necessitating certain replacements. Defendant testified that he had reduced the rent of certain apartments aggregating $131 per month for a period of 17 months.

Defendant attempted to prove as damages the difference in the rental value of the premises with the promised replacements, the walls painted and the premises in good condition in 1937 and 1938 and the rental value without the promised replacements, the walls painted and the premises in good condition in 1937 and 1938. The lease contained a provision that the lessor agreed to paint the walls in 1938. Except for the covenants to replace iceboxes and frigidaires and to paint the walls in 1938, the lease contained covenants that defendant took the premises as they were and that plaintiff should not be liable for any repairs, alterations or improvements. Plaintiff objected to the offers as including as elements of damage the painting of the walls in 1937 and keeping the premises in good condition for which it was not liable under the lease. The objections were sustained. No other proof of actual damage sustained by defendant was offered.

Both parties moved for directed verdicts on plaintiff's cause of action and defendant's counterclaims. Plaintiff's motion was granted for a directed verdict on its cause of action and defendant's second counterclaim. Defendant's motion for a directed verdict on his first counterclaim was granted, but only for one dollar as nominal damages for want of proof of a recoverable amount of actual damages.

The questions on the appeal are whether plaintiff acquired title to the furniture and furnishings by purchasing at the sheriff's sale on execution under the judgment in the action to recover the rent, whether the contract sued on is contrary to public policy as enabling plaintiff to enforce the fraudulent arrangement, whether it was error to allow defendant to recover only nominal damages on his first counterclaim,

and whether it was error to grant plaintiff's motion for judgment on defendant's second counterclaim.

■ For purposes of decision we shall assume that an agreement that plaintiff sue defendant, recover judgment against him and acquire title to his furniture and furnishings to put the same beyond the wife's reach to enforce her judgment for alimony is void as involving a fraud on the rights of a third party, the wife. Torpey v. Murray, 93 Minn. 482, 101 N. W. 609. The facts are established against defendant's contention. The judgment established that defendant was indebted to plaintiff in the sum of $800 for rent. A judgment of a domestic court of superior jurisdiction such as that involved here is not subject to collateral attack by parties or privies for fraud. In re Estate of Jordan, 199 Minn. 53, 271 N. W. 104; Oswald v. Minneapolis Times Co. 65 Minn. 249, 68 N. W. 15; 3 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 5143. A judgment by default, as here, is just as conclusive an adjudication between parties as any other. Sodini v. Sodini, 94 Minn. 301, 102 N. W. 861, 110 A. S. R. 371; Doyle v. Hallam, 21 Minn. 515. Parties to a judgment are not permitted under the rule to impeach it collaterally by showing that it was not rendered on a *bona fide* debt or that the debt was created by fraud. 15 R. C. L. pp. 855, 856, § 329, notes 9 and 10. A party is not entitled to recover either property, Tarbox v. Hays, 6 Watts (Pa.) 398, 31 Am. D. 478, or money, Ogle v. Baker, 137 Pa. 378, 20 A. 998, 21 A. S. R. 886, received by another on execution under a judgment which he claims is based on fraud in which he and the other parties to the judgment participated. In Tarbox v. Hays, *supra,* the court pointed out that a third party defrauded by the agreement and judgment may attack the judgment collaterally for fraud, but the parties cannot. Hence the judgment determines as between the parties the existence of a valid claim in favor of plaintiff against defendant to which it was entitled to satisfaction by execution on his property. Therefore plaintiff acquired title to the furniture

and furnishings at the execution sale. Defendant agreed to buy plaintiff's, not his own, property under the contract sued on. This holding wipes out all basis for the claims of fraud and duress.

■ The claim is also made that the enforcement of the contract sued on will enable plaintiff to reap "the benefits of its manifest fraud." The argument is that there was not only a fraudulent transaction so far as placing the property beyond the reach of the wife was concerned, but that plaintiff broke its promise to take care of defendant and treat him right. Defendant's claim is not that the contract sued on is in performance of the agreement involved in the fraudulent arrangement, but in breach of it. The fact is according to defendant's contention that the original fraudulent agreement was executed, except that plaintiff did not take care of him or treat him right. His complaint here is not that plaintiff seeks to enforce the original illegal contract, but that it has not kept that contract by taking care of him and treating him right. The new contract is not in performance of, but in violation and repudiation of, the old one. In no sense does it carry out any provision of the old contract. That being true, the new contract is disconnected from the original's unlawful purposes. It is neither infected nor permeated with its vices. The contract sued on is a new agreement based on a new consideration and is enforceable as any other contract. A new and independent contract founded on a new consideration in relation to property which was the subject matter of a prior illegal agreement is valid where, as here, the new contract does not seek to carry out or enforce any of the unexecuted provisions of the former agreement. Bosshard v. County of Steele, 173 Minn. 283, 217 N. W. 354; Dent v. Ferguson, 132 U. S. 50, 67, 10 S. Ct. 13, 33 L. ed. 242; Armstrong v. Toler, 11 Wheat. 258, 6 L. ed. 468, per Marshall, Ch. J.; Martin v. Richardson, 94 Ky. 183, 21 S. W. 1039, 19 L. R. A. 692, 42 A. S. R. 353; Aetna Ins. Co. v. Heidelberg, 112 Miss. 46, 49, 72 So. 852, L. R. A. 1917B, 253; Owens v.

Wright, 161 N. C. 127, 130, 76 S. E. 735, Ann. Cas. 1914D, 1021; Woodworth v. Bennett, 43 N. Y. 273, 278, 3 Am. R. 706; see 6 Williston, Contracts (Rev. ed.) § 1752. "Courts grant relief against present wrongs and to enforce an existing right, although the property involved was acquired by some past illegal act," Mr. Justice Brandeis tersely said in Loughran v. Loughran, 292 U. S. 216, 228, 54 S. Ct. 684, 689, 78 L. ed. 1219, citing Brooks v. Martin, 2 Wall. 70, 17 L. ed. 732, and Planters' Bank v. Union Bank, 16 Wall. 483, 21 L. ed. 473. The contract sued on is enforceable as being a new contract entirely independent of the old one.

■ The damages recoverable for breach of the covenant to replace iceboxes and frigidaires are determined by the same principles as those for breach of a covenant to repair. The measure of damages to a tenant for breach of the landlord's covenant to repair or replace an appliance in the leased building is the diminished rental value of the building by reason of the failure to repair or replace. The diminution is measured by the difference between the rental value of the premises with the repairs or replacements and their rental value without them. Warren v. Hodges, 137 Minn. 389, 163 N. W. 739 (repair of boiler of steam heating plant).

Defendant's offer of proof to show the rental value of the premises in the condition in which he was entitled to have them under the lease was not the rental value of the premises as they were with the replacements of the iceboxes and frigidaires, but the rental value thereof not only with the replacements but also with the premises kept in good condition in 1937 and 1938 and the walls painted in 1937. A landlord is under no duty to make repairs under a lease containing provisions that he shall not be liable for repairs, Friedman Bros. Holding Co. v. Nathan, 159 Minn. 101, 198 N. W. 460, 37 A. L. R. 1166, or that the tenant takes the premises as they are. Hotchkiss v. Erickson, 160 Minn. 11, 199 N. W. 227; see Commercial Union Assur. Co. Ltd. v. Foley Bros. 141 Minn. 258, 169 N. W. 793; and Kirshenbaum v. General Out-

door Adv. Co. Inc. 258 N. Y. 489, 180 N. E. 245, annotation, 84 A. L. R. 654. Since the instant lease contained provisions both that plaintiff should not be liable for repairs and that defendant took the premises as they were, plaintiff was exonerated from any duty of keeping the premises in good condition during 1937 and 1938 and painting the walls in 1937. Plaintiff's only duty under the lease was to make the replacements of iceboxes and frigidaires and paint the walls in 1938 in virtue of express covenants to that effect. By attempting to show the rental value of the premises not only with the replacements but with the premises kept in good condition during 1937 and 1938 and the walls painted in 1937, defendant included in the basis for computing the rental value of the premises in the condition in which he claimed that he was entitled to have them the items of keeping the premises in good condition during 1937 and 1938 and the painting of the walls in 1937 for which plaintiff was not liable. The offers did not conform to the rule by which defendant's damages were to be measured and were properly ruled out.

The case stood as showing a breach of the covenant, but without proof of actual damage. Of course the invasion of a legal right imports a damage. Damages are susceptible of proof, and he who claims them must prove them. Absent proof of actual loss, only nominal damages are recoverable for breach of contractual obligation. Ogden v. Ball, 38 Minn. 237, 36 N. W. 344. Since no recoverable measure of actual damages was shown, defendant was entitled to nominal damages only.

■ The alleged error in directing a verdict in favor of plaintiff on defendant's second counterclaim is not reviewable for the reason that it was not assigned as error in the motion for new trial. Only errors assigned below are reviewable on appeal from an order denying a motion for a new trial. Marty v. Nordby, 201 Minn. 469, 276 N. W. 739.

Affirmed.