**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL NO. 14, ST. PAUL, Minnesota, Relator,**

v.

**COUNTY OF RAMSEY, Respondent.**

No. C1–93–1772.

Court of Appeals of Minnesota.

March 15, 1994.

Gregg M. Corwin, Gregg M. Corwin & Assocs., St. Louis Park, for relator.

Tom Foley, Ramsey County Atty., Kristine Legler Kaplan, Asst. County Atty., St. Paul, for respondent.

Considered and decided by NORTON, P.J., and LANSING and FORSBERG, JJ.

**OPINION**

FORSBERG, Judge.

Relator American Federation of State, County, and Municipal Employees ("AFSCME") Council 14 appeals from a rul-

ing of the Bureau of Mediation Services, State of Minnesota ("bureau") that attorneys contracting with Ramsey County for part-time public defender services are not members of the bargaining unit defined as: "public employees within the meaning of Minn. Stat. § 179A.03, subd. 14, excluding supervisory, confidential, and all other employees." We affirm.

## FACTS

The Ramsey County Public Defender's Office contracts with two groups of private practice attorneys to provide part-time public defender services in Ramsey County. These include six individual attorneys to handle misdemeanor cases at suburban courts, and a corporation, Legal Services for Juveniles, Inc. ("LSJI"), to represent parents in termination of parental rights proceedings.

LSJI receives cases from the juvenile court and assigns them to individual attorneys within the corporation. Once LSJI is assigned representation in a case, its contract requires it to complete all necessary work for the case regardless of the number of hours required.

LSJI's contract with the county professes to create an independent contractor relationship. LSJI receives payment from the county in 12 equal installments regardless of the number of hours or cases completed each month. The contract is signed for LSJI by an officer of the corporation in his corporate capacity, and payments are made to the corporation, not to any individual who provides services under the contract. The contract requires LSJI to maintain its own professional liability insurance, workers' compensation insurance, and commercial general liability insurance. LSJI also agrees to indemnify and hold harmless the public defender and Ramsey County from any liability arising out of its contract performance. The public defender may cancel the contract with or without cause upon 30 days' notice to LSJI.

The public defender has no knowledge of how cases are distributed among LSJI's personnel, and does not know the identity or number of attorneys working for LSJI, even though the contract gives the public defender the right to approve or disapprove the services of any individual attorney. The public defender provides no supplies or support services to LSJI, and conducts no performance evaluations for the LSJI attorneys. However, the contract does allow the public defender to periodically review LSJI's case files to evaluate the quality of legal services provided under the contract.

The public defender's office also contracts with six individual attorneys to represent indigent defendants on misdemeanor charges at the suburban courts. Like the contract with LSJI, the contracts with these attorneys all state that they are intended to create an independent contractor relationship. The contracting attorneys are paid a flat fee each month regardless of the number of hours worked or cases completed, and are not compensated for mileage or time spent in transit between the suburban court locations. The contracting attorneys agree to represent clients in 400 cases or for 800 hours each year, whichever is greater. Once representation has begun, the contract attorney must complete all work required by the case even if it extends beyond the contract year, or if it requires the attorney to represent the client at probation or sentencing hearings at the downtown courthouse. If the contract is terminated prematurely, any existing cases must still be completed. The public defender may cancel the contract without cause upon 30 days' notice or with cause upon 5 days' notice.

The contracting attorneys are assigned cases by the court, whereas the public defender's regular staff attorneys are assigned cases by a supervising attorney. The public defender designates a staff attorney who distributes a quarterly calendar to the contract attorneys to ensure adequate coverage at all the suburban courts. In addition to this staff attorney, the public defender provides a secretary to open and close files for the contracting attorneys. Unlike staff attorneys though, the contracting attorneys are free to exchange not only these schedules, but also individual cases among themselves. The public defender maintains an office with a desk and a telephone at the suburban courts, and the contracting attorneys use this space to pick up or store files. While the contract-

ing attorneys have used stationery and envelopes left in these offices, such use is not authorized by the public defender.

Like the LSJI personnel, the contracting attorneys receive no formal performance evaluations; they handle one type of case; and they are not rotated among other assignments as are staff attorneys are by the public defender. While not a part of their contracts, they have recently been on-call one week out of every six to appear at the downtown courthouse for cases that will later be assigned to the suburbs. They have received no additional compensation for this work. Lastly, like LSJI, the contracting attorneys are required to maintain their own professional liability and other insurance coverages.

AFSCME Council 14 is the exclusive representative of all Ramsey County Assistant Public Defenders who are public employees of Ramsey County within the meaning of Minn.Stat. § 179A.03, subd. 14, excluding supervisory, confidential, and all other employees. AFSCME filed a Petition for Unit Clarification with the Bureau of Mediation Services, State of Minnesota, requesting a ruling as to whether contract attorneys providing part-time services for the Ramsey County Public Defender's Office are public employees and part of the AFSCME bargaining unit. After a hearing, the bureau ruled the contract attorneys were not public employees under the statute and therefore not included in the AFSCME bargaining unit.

## ISSUE

Does substantial evidence support the bureau's ruling that the part-time public defenders are independent contractors and therefore not public employees for purposes of union membership?

## ANALYSIS

The bureau, by taking evidence and testimony from both sides, was acting in a quasi-judicial capacity. Judicial review of quasi-judicial decisions is conducted under the "substantial evidence test." *In re Signal Delivery Serv.*, 288 N.W.2d 707, 710 (Minn. 1980). The parameters of this test have been clearly established.

"We view that by the 'substantial evidence' test is meant: 1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; 2) more than a scintilla of evidence; 3) more than 'some evidence'; 4) more than 'any evidence'; and 5) evidence considered in its entirety."

*Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 825 (Minn.1977) (citing trial court as correct). Further, agency action must be "based on objective criteria applied to the facts and circumstances of the record at hand. [Agency] discretion is not unlimited and must be explained." *In re Northwestern Bell Tel. Co.,* 386 N.W.2d 723, 727 (Minn. 1986).

The question before the bureau was, ultimately, whether the attorneys in question were employees or independent contractors.

Briefly stated the guidelines for making this determination are: (1) The right of the employer to control the manner and means of performance of the work; (2) the mode of payment; (3) furnishing of materials or tools; (4) control of the premises where the work is performed; and (5) right of discharge.

*Iverson v. Independent Sch. Dist. No. 547,* 257 N.W.2d 572, 573 (Minn.1977).

The bureau found that neither the LSJI attorneys nor the contract attorneys are employees of Ramsey County. We agree. The contract with LSJI clearly indicates the parties' intention to establish an independent contractor relationship.

LSJI is a corporation, and the contract is signed for LSJI by an individual in his corporate capacity. A full monthly payment is made to LSJI irrespective of performance or number of hours completed by the individual attorneys. Furthermore, the public defender does not know the names or number of the individuals who provide services through the corporation, and has no knowledge of how cases are assigned among them. LSJI receives no supplies or support services from the county, and is required to complete its representation of clients through all trial court proceedings regardless of the number of hours that entails.

The six contract attorneys are also independent contractors under the terms of their individual contracts with Ramsey County. They receive a flat fee, in 12 installments, for representing their court-assigned clients on misdemeanor charges. The county does not control the time and place of performance, but merely assigns an employee to ensure adequate coverage at the suburban courts by distributing quarterly calendars to the contract attorneys. Unlike regular staff attorneys, the contract attorneys are free to exchange schedules and clients among themselves as long as there is an appropriate level of coverage at each location.

Further, the county does not control the means of performance. The contract attorneys, unlike staff attorneys, are only evaluated informally through unsolicited comments from judges and other court personnel. Because contract attorneys aren't eligible for promotions or merit pay increases, they are not subject to the same formal written evaluations as the staff attorneys are.

The county does not furnish equipment or materials to the contract attorneys. While the contract attorneys do use the public defenders' office space at the suburban courts, the county characterizes these rooms as "little more than a place to store or pick up files." Any such use by the contract attorneys is incidental. Furthermore, while there may be a supply of county stationery at these offices, any use by the contract attorneys is unauthorized. The only secretarial services provided to the contract attorneys are those necessary for opening and closing files.

Finally, and we believe most importantly, the agreements between the county and the contract attorneys state explicitly that the parties intended to create an independent contractor relationship. The contract attorneys are subject to a risk of profit and loss that is not present in the normal employer/employee relationship. The contract attorneys are paid a flat fee for taking either 400 cases or 800 hours in the contract year, whichever is greater. They receive no compensation for mileage or time in transit between suburban locations, nor do they receive additional compensation if representation of a client extends beyond the contract year. All relevant attorneys are also required to purchase their own malpractice and liability insurance, and agree to hold the public defender and the county harmless for any liability arising out of their representation.

Considering the evidence in its entirety, a reasonable person could easily conclude the parties created an independent contractor relationship. The public defender decides what is to be done, while the means and manner of performance and risk of profit or loss are left to the professional judgment of LSJI and the contract attorneys. Under the substantial evidence test, this is sufficient to affirm the bureau's ruling. Furthermore, the bureau's ruling was not arbitrary and capricious because it made a reasoned decision based on objective criteria applied to the evidence submitted at the hearing.

### DECISION

The Bureau of Mediation Services properly found that the LSJI attorneys and the contract attorneys are not public employees of Ramsey County.

**Affirmed.**