Angela COLE, Relator,

v.

METROPOLITAN COUNCIL
HRA, Respondent.

No. A04–261.

Court of Appeals of Minnesota.

Sept. 14, 2004.

Shelley D. Jensen, Judicare of Anoka County, Inc., Blaine, MN, for relator.

Mary G. Dobbins, Mary G. Dobbins & Associates, Edina, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge, MINGE, Judge, and FORSBERG, Judge.

## OPINION

FORSBERG, Judge.*

In this certiorari appeal, relator tenant argues that respondent improperly termi-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

nated her Section 8 housing assistance because (1) respondent lacked authority to terminate Section 8 benefits when the underlying eviction judgment was by default, there was no violation of the lease, and any violation of the lease was not ruled to be the "serious" violation required to terminate Section 8 benefits; (2) the hearing officer failed to recognize that the eviction judgment was by default, make credibility determinations, and make adequate findings; and (3) the hearing officer failed to consider mitigating circumstances. We affirm.

## FACTS

Relator Angela Cole obtained a Section 8 rental voucher from respondent Metropolitan Council Housing and Redevelopment Authority in 2000. On October 1, 2003, relator gave notice to her landlord that she would be vacating her apartment at the end of November. Shortly thereafter, relator faxed a copy of her notice to vacate to respondent. Upon receipt of relator's notice to vacate, respondent mailed recertification paperwork to relator. Completion of the paperwork was necessary for relator to obtain Section 8 rental assistance at her new residence. As part of the recertification process, relator was required to sign a Statement of Responsibilities, which provided in part:

> I understand that I must give [respondent] a copy of any eviction notice I receive within ten (10) days of receipt of that notice. I understand that if I violate a provision of my lease and am evicted by a court ordered judgment on behalf of the owner [respondent] will terminate my Section 8 Rental Assistance.

Minn. Const. art. VI, § 10.

Relator signed the statement on October 23, 2003, and respondent subsequently approved a ·Section 8 voucher for relator's new residence.

On November 3, 2003, relator's landlord commenced an eviction action against her. Relator's landlord provided respondent with a copy of the eviction complaint on November 6, and an eviction hearing was held a week later. Relator failed to attend the hearing, and, consequently, the district court granted a default judgment in favor of the landlord and issued a writ of recovery. Relator's landlord faxed a copy of the writ of recovery to respondent on November 13, 2003. Relator was evicted as of November 17, 2003.

Upon receipt of the writ of recovery, respondent sent relator a letter informing her that her participation in the Section 8 program would be terminated effective January 1, 2004. Relator requested a hearing to contest respondent's decision to terminate her Section 8 rental assistance. An informal hearing was conducted on December 17, 2003.

At the informal hearing, relator testified that she failed to attend the eviction hearing because she thought the hearing was to be held on November 17, rather than November 13. In addition, relator pointed out that the eviction complaint sent to respondent had been altered. The complaint filed in district court stated: "causing damages totaling $1,259.00; using crack cocaine in unit regularly," but the complaint sent to respondent added "police calls for disturbances between 2:00 and 3:00 a.m." Relator also produced the only two police reports made from her residence during the preceding six months. The two complaints were made by relator or a friend to report burglaries, neither of which occurred between 2:00 and 3:00 a.m. Finally, relator testified that she believed the eviction action was filed for retaliatory reasons.

The hearing officer upheld the termination of benefits on the basis that respondent followed proper procedures and policies in terminating relator's benefits. The hearing officer explained that relator had signed the Statement of Responsibilities and that there were no extenuating circumstances to be considered. This certiorari appeal followed.

## ISSUES

1. Did respondent have legal authority to terminate relator's Section 8 housing benefits?

2. Did the informal hearing officer comply with the applicable law and procedure when affirming the termination of relator's Section 8 housing benefits?

3. Did the informal hearing officer err by failing to consider the hardship that would result from the termination of relator's Section 8 benefits?

## ANALYSIS

■ By taking evidence and hearing testimony, respondent acted in a quasi-judicial capacity. *See American Fed'n of State, County Mun. Employees, Council 14 v. County of Ramsey,* 513 N.W.2d 257, 259 (Minn.App.1994). "An agency's quasi-judicial determinations will be upheld unless they are unconstitutional, outside the agency's jurisdiction, procedurally defective, based on an erroneous legal theory, unsupported by substantial evidence, or arbitrary and capricious." *Carter v. Olmsted County Hous. and Redevelopment Auth.,* 574 N.W.2d 725, 729 (Minn.App. 1998).

### I.

■ Relator contends that respondent's sole basis for terminating the Section 8

voucher was the Statement of Responsibilities, which requires both a violation of the lease *and* a court-ordered eviction in order for Section 8 rental assistance to be terminated. Relator argues that because the eviction was obtained through a default judgment, respondent failed to prove a lease violation. Relator argues, therefore, because respondent did not apply both prongs of the Statement of Responsibilities, respondent did not have authority to terminate her housing voucher.

 A default judgment is defined as "[a] judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim, often by failing to appear at trial." *Black's Law Dictionary* 428 (7th ed.1999). A judgment by default is just as conclusive an adjudication between parties as any other. *Geo. Benz Sons v. Hassie,* 208 Minn. 118, 124, 293 N.W. 133, 136 (1940).

Here, the landlord filed an eviction complaint, alleging that relator was using crack cocaine in her apartment unit on a regular basis and that she had caused damages to the unit totaling $1,259. A hearing was held on November 13, 2003, but relator failed to appear. Consequently, the district court entered judgment by default, and relator was evicted from the apartment. Because a default judgment was entered against relator due to her failure to answer the complaint or appear at the hearing, the facts of the complaint were deemed to be true. *See id.* Accordingly, there was a violation of the lease, and both prongs of the Statement of Responsibilities were met.

██ Relator also contends that even if there was a violation of the lease, respondent did not have authority to terminate her Section 8 housing voucher because respondent failed to apply the standard set forth in 24 C.F.R. 982.552(b)(2) (2003), which requires a "serious" violation of the lease.

24 C.F.R. 982.552(b)(2) provides that "[the Public Housing Authority] must terminate program assistance for a family evicted from housing assisted under the program for serious violation of the lease." Although section 982.552 does not define what conduct constitutes a serious violation, 24 C.F.R. § 982.310 (2003) provides some insight as to what constitutes a serious violation. 24 C.F.R. § 982.310(a)(1), (3) permits an owner to terminate tenancy when the tenant commits a serious violation or repeated violation of the terms and conditions of the lease, or for other good cause. The regulation goes on to define "good cause" as a family history of destruction of property or of living or housekeeping habits resulting in damage to the unit or premises. 24 C.F.R. § 982.310(d)(1)(ii). The regulation further provides that drug use on the property may provide a basis for termination of tenancy. 24 C.F.R. § 982.310(c)(1).

Here, the default judgment is proof that relator violated the terms of the lease. As stated above, the complaint alleged that relator caused $1,259 worth of damage to the apartment unit and that she was using drugs regularly in the apartment. These are "serious" violations of a lease. Under 24 C.F.R. 982.310(d)(1)(ii), $1,259 is a substantial amount of money, and the destruction of property can be considered "good cause" to terminate a tenancy. Also, the use of drugs in an apartment is not only a violation of Minn.Stat. 504B.171, subd. 1(1)(i) (2002), but it can also provide a basis for the termination of a tenancy under 24 C.F.R. 982.310(c)(1). We conclude that respondent complied with 24 C.F.R. 982.552(b)(2) and properly terminated relator's Section 8 housing voucher.

## II.

■ A recipient of Section 8 benefits is entitled to an informal hearing to consider whether the termination of recipient's benefits under 24 C.F.R. § 982.552 is in accordance with the law, federal regulations, and departmental policies. 24 C.F.R. § 982.555(a)(1)(v) (2003). The hearing officer must issue a written decision, stating briefly the reasons for the determination. 24 C.F.R. § 982.555(e)(6). Agency action must be based on objective criteria applied to the facts and circumstances of the record. *Carter,* 574 N.W.2d at 729. The agency must explain on what evidence it is relying and how that evidence connects rationally with its choice of action. *Hiawatha Aviation v. Minnesota Dep't of Health,* 375 N.W.2d 496, 501 (Minn.App. 1985), *aff'd* 389 N.W.2d 507 (Minn.1986).

■ Relator argues that the informal hearing officer's findings were insufficient because there were no findings concerning the landlord's credibility. Specifically, relator asserts that the landlord was not credible because he altered the complaint and filed the eviction for retaliatory reasons.

In support of the decision to uphold the termination of relator's Section 8 benefits, the hearing officer noted the following.

> At the hearing, [relator] pointed out that the unlawful detainer action had been altered. She said that additional information had been added to the unlawful detainer after it had been served. She said that she believes the eviction was filed for retaliatory reasons and because of these two things the landlord has no credibility. I asked whether they had gone to court for the hearing. They said they had not. . . . I said that it was a big mistake not to go to court.

Although the findings and credibility determinations are somewhat vague, the overarching concern of the appellate court is that the record be sufficient to facilitate meaningful review. *See Carter,* 574 N.W.2d at 729. The statements in the hearing officer's order permit but one inference: that the hearing officer rejected relator's credibility allegations and that relator should have gone to court to challenge the eviction action. Because meaningful review can be conducted in this case, we conclude that the hearing officer complied with the applicable law in terminating relator's Section 8 benefits.

## III.

Finally, relator argues that the hearing officer failed to consider the hardship that would result from the termination of her benefits, such as the fact that relator and her four children would be homeless. We disagree. Relator's Section 8 benefits were terminated under 24 C.F.R. § 982.552(b). Section 982.552(b)(2) states that "[t]he [Public Housing Authority] *must* terminate program assistance for a family evicted from housing assisted under the program for serious violation of the lease." Under the canons of statutory interpretation, "must" is mandatory. *See* Minn.Stat. § 645.44, subd. 15a (2002) (alteration in original). Therefore, the hearing officer was not allowed to consider the hardship that would result from the termination of relator's Section 8 benefits.

## DECISION

Relator was evicted from her apartment for a serious violation of the lease. Under 24 C.F.R. 982.552(b)(2), respondent was required to terminate relator's Section 8 benefits. We therefore conclude that relator's Section 8 benefits were properly terminated.

**Affirmed.**