*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0994**

Nickijo L. Eichorn,
Relator,

vs.

Itasca County Housing & Redevelopment Authority,
Respondent.

**Filed June 1, 2015
Affirmed
Connolly, Judge**

Itasca County Housing & Redevelopment Authority

Laurence P. Chamberlain, Legal Aid Service of Northeastern Minnesota, Brainerd, Minnesota (for relator)

Mary G. Dobbins, Landrum Dobbins LLC, Edina, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Chutich, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

Relator, a recipient of housing assistance, challenges the termination of her assistance, arguing that it was precluded by procedural defects in the hearing, which she

failed to attend. Because we see no violation of relator's due-process rights and no defect in the agency's determination, we affirm.

## FACTS

In July 2013, relator Nickijo Eichorn received notice that her public housing assistance had been terminated because she failed to complete the required recertification. She was given the opportunity to become compliant and did so; her assistance was maintained with the condition that she commit no further violations of the program requirements, including keeping her recertification and inspection appointments.

In August 2013, relator again received notice that her housing assistance had been terminated, this time because she failed to maintain utilities in her apartment. She was again given the opportunity to become compliant, did so, and was allowed to maintain her assistance, but was informed that any further violations will result in the termination of her assistance.

In November 2013, respondent Itasca County Housing and Redevelopment Authority (ICHRA) received information that Jeff Hedin was living in relator's apartment, although relator had previously told ICHRA that she had removed Hedin from her household. ICHRA asked relator for additional information on the members of her household; relator did not provide the information.

In December 2013, ICHRA again asked relator for information on the members of her household, and relator told ICHRA that she intended to add Hedin to the household again. ICHRA asked relator to provide: (1) an application for Hedin, (2) third-party

verification of his address while not residing in her unit, and (3) authorization from relator's landlord to add Hedin to the lease.

Relator was asked to bring these three items to a meeting scheduled for March 10, 2014; she did not attend the meeting. The meeting was rescheduled for March 17 because relator failed to attend it, and relator was told that this meeting would be her final chance to comply with program requirements. She again failed to attend the meeting.

On March 18, 2014, ICHRA terminated relator's assistance because of her failures to provide required information and to attend scheduled meetings. Relator was informed of her right to an informal hearing and requested one; it was scheduled for April 15, 2014.

Again, relator did not attend the hearing. The hearing officer waited 15 minutes after the scheduled time, then found relator in default and upheld the termination of her assistance, effective May 1, 2014.

Relator challenges the termination, arguing that ICHRA violated her due-process rights before it terminated her assistance and that the hearing officer made insufficient findings to support the termination.[1]

---

[1] Relator also argues that, if the decision to terminate her benefits is reversed, the reinstatement of benefits should be retroactive to the date of termination and the matter should not be remanded because ICHRA failed to state its case at the April 15 hearing. Because we see no basis to reverse the decision to terminate relator's benefits, we need not address these issues.

## D E C I S I O N

### 1. Due Process

This court examines de novo whether an agency violated due-process rights. *In re Grand Rapids Pub. Utils. Comm'n*, 731 N.W.2d 866, 875 (Minn. App. 2007).

Relator argues that she was deprived of due process because, when she did not appear for the hearing, it was terminated, so "there was no hearing in which [ICHRA] was required to prove its case to a hearing officer exercising independent judgment based on the facts and law produced at the hearing" and "once requested, an informal hearing complying with law must be conducted, regardless of whether a program participant appears at the hearing." In support of her view that a hearing must be held even if the person who requested it fails to appear, relator relies on language in 24 C.F.R. § 982.555(d) (2014): "Where a hearing for a participant family is required under this section, the PHA *must* proceed with the hearing in a reasonably expeditious manner upon the request of the family." (Relator's emphasis). ICHRA did proceed expeditiously when relator requested the hearing by scheduling a hearing less than a month after the termination.

Moreover, relator takes the sentence from 24 C.F.R. § 982.555 out of context: its subsection is titled "Expeditious hearing process," and its purpose is to avoid delay once a hearing is requested. The rule also provides in relevant part:

> (1) A P[ublic] H[ousing] A[gency] [PHA] must give a participant family an opportunity for an informal hearing to consider whether the following PHA decisions relating to the individual circumstances of a participant family are in

4

accordance with the law, H[ousing and] U[rban] D[evelopment Department] regulations and PHA policies:

. . . .

(v) A determination to terminate assistance for a participant family because of the family's action or failure to act . . . .

24 C.F.R. 982.555(a). Thus, the obligation of ICHRA was to provide relator with "an opportunity for an informal hearing" to consider whether the termination of her assistance complied with applicable law, regulations, and policies; ICHRA had no obligation to prove its case to an independent hearing officer when relator failed to appear at the hearing.

Moreover, relator's request for a hearing, as well as the presence of the hearing officer and the ICHRA witness at the appointed time and place of the hearing, clearly show that relator was given the required opportunity for a hearing; nor does she argue otherwise. Such opportunities are provided so a participant will be able "to defend [a position on an unfavorable decision] by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Goldberg v. Kelly*, 397 U.S. 254, 267-68, 90 S. Ct. 1011, 1020 (1970). Because this is the purpose of the hearing, there is no requirement that the hearing proceed in the absence of the participant for whose benefit it is conducted. Contrary to relator's view, there is no "requirement of independent review of the termination decision." Relator was not denied due process when her hearing did not proceed without her.

## 2.     The Termination

"An agency acts in a quasi-judicial manner when the commission hears the view of opposing sides presented in the form of written and oral testimony, examines the record and makes findings of fact." *In re North Metro Harness, Inc.*, 711 N.W.2d 129, 137 (Minn. App. 2006) (quotation omitted), *review denied* (Minn. June 20, 2006). "An agency's quasi-judicial determinations will be upheld unless they are unconstitutional, outside the agency's jurisdiction, procedurally defective, based on an erroneous legal theory, unsupported by substantial evidence, or arbitrary and capricious." *Cole v. Metro. Council HRA*, 686 N.W.2d 334, 336 (Minn. App. 2004) (quotation omitted); *see also* Minn. Stat. § 14.69 (2014) (providing that reviewing court may affirm, remand, reverse, or modify administrative agency's decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are unconstitutional, outside the agency's jurisdiction, procedurally defective, based on an erroneous legal theory, unsupported by substantial evidence, or arbitrary and capricious). An agency's conclusions are not arbitrary and capricious so long as there is a rational connection between the facts found and the choices made. *In re Review of 2005 Annual Automatic Adjustment of Charges*, 768 N.W.2d 112, 120 (Minn. 2009).

Relator does not challenge ICHRA's factual findings that she failed to appear at the scheduled time for the hearing she requested on the termination of her assistance and that the hearing officer allowed 15 minutes of additional time before concluding the hearing based on default and affirming the termination. There is a rational connection between the finding that relator did not appear at the hearing and the hearing officer's

6

choice to conclude that relator was in default and to uphold the termination of her assistance. *See id.*

Relator relies on *Carter v. Olmsted Cnty. Hous. and Redev. Auth.*, 574 N.W.2d 725 (Minn. App. 1998), to argue that she is entitled to reversal because the hearing officer made insufficient findings. But *Carter* is factually distinguishable. In that case, both the participant and the person who was alleged to have been living in the unit without being listed appeared and testified at a hearing. *Carter*, 574 N.W.2d at 728-29. The hearing officer upheld the termination of benefits but did not make findings as to the exhibits and testimony they offered, *id.* at 729, or explain why the PHA's evidence was more credible. *Id.* at 733. Here, the hearing officer made findings relevant to the conclusion that relator was in default, and relator presented no evidence to support any other findings. The hearing officer did not make an unsupported decision to terminate relator's benefits; the hearing officer found that relator had failed to challenge the termination of her benefits, and that finding supported the decision to uphold the termination.

**Affirmed.**